UNITED STATES, Appellant

v

JERRY L. JENNINGS, Private First Class,
U. S. Marine Corps, Appellee

17 USCMA 114, 37 CMR 378

No. 20,032

June 23, 1967

*Commander Walter F. Brown*, USN, argued the cause for Appellant, United States.

*Lieutenant Warren K. Morgens*, USNR, argued the cause for Appellee, Accused.

Opinion of the Court

KILDAY, Judge:

The accused was arraigned before a special court-martial convened at Camp Sukiran, Okinawa, charged with absence without leave and larceny, in violation of Articles 86 and 121, Uniform Code of Military Justice, 10 USC §§ 886 and 921, respectively. He pleaded guilty as charged and was sentenced to a bad-conduct discharge, confinement at hard labor for four months, and forfeitures of $80.00 per month for a like period. The findings and sentence were approved by the convening and supervisory authorities. A Navy board of review set aside the findings and sentence, because of delay in bringing the ac-

cused to trial, and ordered a rehearing or, in the alternative, dismissal of the charges.

The Judge Advocate General of the Navy certified the case to this Court on the following issues:

"Was the board of review correct in setting aside the findings and sentence because of the delay in bringing the accused to trial, in the absence of any claim or showing of denial of due process?

"Was the board of review correct in refusing to allow the government to explain before the board the circumstances of the delay?"

Briefly, as recapitulated in its opinion by the board of review, the accused and another absented themselves without authority on April 5, 1966; broke into an office at Fort Buckner, Okinawa, and stole two typewriters on April 20, 1966; and unlawfully entered the Camp Sukiran Post Office and took Government property and money on April 26, 1966. On the latter date the accused's absence was terminated. On August 26, 1966, four months later, the accused was tried and convicted upon his plea of guilty. The staff legal officer's review adverted to the delay as having been due to "an extremely lengthy and complex investigation by CID . . . regarding numerous larcenies, of which the accused and one Private BELLER were suspected of being involved . . . followed by a pretrial investigation after which the instant offenses were referred to trial by special court-martial."

In its review of the record, the board noted that according to the charge sheet the accused was confined on April 27, 1966, and that there was no indication he was informed of the wrongs charged against him until August 25, 1966 (citing Article 10, Uniform Code of Military Justice, 10 USC § 810[1]), except that apparently some time in the interim an Article 32 investigation was conducted. In addition, the board gleaned from the convening authority's letter, which was appended to his action, that some time during the period between April 27th and August 25th, the accused was held for trial by general court-martial so as to require compliance with Article 33, Uniform Code of Military Justice, 10 USC § 833.[2]

In its unanimous opinion, the board held that:

"This case is governed by United States v Schalck, 14 USCMA 371, 34 CMR 151, in that the record presents, and does not satisfactorily answer, questions as to compliance with statutory mandates, ergo, denial of 'military due process.' [United States v Clay, 1 USCMA 74, 1 CMR 74.] If it should develop that there was an unjustified failure to comply with the statutory provisions cited, then such would not have been waived by failure on the part of the accused to object at the trial. As stated by the unanimous Court in Schalck, 'There are numerous unanswered factual questions here that should be resolved at a level where testimony can be taken, witnesses examined, and testimony offered in rebuttal. In this manner the rights and interests of the accused and the Government will be preserved.' [14 USCMA 371, 374, 34 CMR 151, 154.]"

---

[1] "Any person subject to this chapter charged with an offense under this chapter shall be ordered into arrest or confinement, as circumstances may require; but when charged only with an offense normally tried by a summary court-martial, he shall not ordinarily be placed in confinement. When any person subject to this chapter is placed in arrest or confinement prior to trial, immediate steps shall be taken to inform him of the specific wrong of which he is accused and to try him or to dismiss the charges and release him."

[2] "When a person is held for trial by general court-martial the commanding officer shall, within eight days after the accused is ordered into arrest or confinement, if practicable, forward the charges, together with the investigation and allied papers, to the officer exercising general court-martial jurisdiction. If that is not practicable, he shall report in writing to that officer the reasons for delay."

In arriving at its decision, the board of review necessarily made certain factual determinations as reflected by the record. In that context, it concluded that this record did not satisfactorily answer questions as to compliance with the statutory mandates of Articles 10 and 33 of the Code.

Where a board of review decision is rooted in findings of fact, and where there is a substantial basis for the board's action in favor of the accused, we are not inclined to disturb its findings. United States v Lamphere, 16 USCMA 580, 37 CMR 200, and cases cited at page 583. In this case, the board made such findings and, following the mandate of our *Schalck* opinion, reversed the conviction and remanded the case for a rehearing.

Here, as in *Schalck*, the issue was raised for the first time on appeal and we there declined to hold waiver. In the cited case, the Government protested the board's dismissal of Schalck's conviction on the ground that it should be afforded an opportunity to explain the delay and to have the issue decided at the trial level. We agreed and, in reversing the board's dismissal action, held that:

". . . In this manner the rights and interests of the accused and the Government will be preserved. United States v Thomas, 13 USCMA 163, 32 CMR 163." [*Ibid.*, at page 374.]

The factual situation in this case is sufficiently similar to *Schalck* to warrant the same action. On a rehearing, the true facts can be brought forth and the unanswered questions resolved. Then, and only then, can a responsible determination be made as to whether the accused was denied due process. United States v Schalck, supra. An accused might waive some of the safeguards of military due process granted him by Congress, but the Court cannot waive them for him. United States v Clay, supra.

Accordingly, the certified questions are answered in the affirmative. The decision of the board of review is affirmed.

Judge FERGUSON concurs.

Chief Judge QUINN concurs in the result.