THOMAS J. LOWE, Lance Corporal,
U. S. Marine Corps, Petitioner

v

Honorable MELVIN R. LAIRD, Secretary of Defense; Honorable JOHN H. CHAFEE, Secretary of the Navy; General LEONARD F. CHAPMAN, Commandant, United States Marine Corps; Rear Admiral CLYDE J. VAN ARSDALE, Commander, Naval Base, Newport, Rhode Island; Captain G. M. HAWES, Commanding Officer, Naval Station, Naval Base, Newport, Rhode Island; Major L. E. JOHNSON, Commanding Officer, U. S. Marine Barracks, Naval Base, Newport, Rhode Island; and Chief Warrant Officer CARL BREHM, Brig Officer, Naval Station, Naval Base, Newport, Rhode Island, Respondents

18 USCMA 131, 39 CMR 131

*Lieutenant Stephen W. Grafman*, JAGC, USNR, argued the cause for Petitioner. With him on the brief was *Captain Frank A. Nelson*, JAGC, USN.

*Commander Richard E. Eagleton*, JAGC, USNR, and *Captain Charles E. Patterson*, USMCR, argued the cause for Respondents. With them on the brief was *Colonel C. R. Larouche*, USMC.

## Opinion of the Court

QUINN, Chief Judge:

The petitioner seeks release from the brig at the Naval Station, Newport, Rhode Island, on the ground that his confinement therein is illegal. His petition is predicated upon two grounds: (1) That all existing charges against him were properly dismissed by the special court-martial to which they were referred for trial; (2) that his confinement in a "solitary cell" is "in clear violation of the mandate" of Article 13, Uniform Code of Military Justice, 10 USC § 813, against conditions of confinement "any more rigorous" than necessary to insure the presence of a person accused of a crime.

As to the petitioner's first contention, it appears that outstanding charges against him were referred to trial before a special court-martial. On February 12, 1969, the petitioner moved to dismiss the charges on the ground he was denied a speedy trial.

The motion was granted. Pending review of the ruling by the convening authority, the petitioner was ordered returned to confinement. On February 17, the convening authority reversed the court-martial's ruling and directed the court-martial to reconvene and proceed further with the case. The petitioner contends that the convening authority's action is a pernicious demonstration of command control, especially since the court members were of the lowest Navy commissioned officer rank and could not possibly be expected to resist the direction to proceed with the case.

The short answer to this contention is that Article 62(a), Code, supra, 10 USC § 862, constitutes the convening authority a reviewing authority of the action of a court-martial and specifically empowers him to review and reverse a ruling resulting in the dismissal of charges on a ground which does not amount to a finding of not

132

guilty. In United States v Boehm, 17 USCMA 530, 38 CMR 328, we upheld the Article's grant of power to the convening authority and determined that the power included review of a trial ruling dismissing charges on the ground of lack of speedy trial. It may be that, pending the convening authority's decision, the petitioner should not have been placed in confinement because of the outstanding determination by the court-martial that the charges should be dismissed. Cf. Manual for Courts-Martial, United States, 1969, paragraphs 21*d* and 44*e*. United States v Teague, 3 USCMA 317, 12 CMR 73. That matter, however, is no longer material to this proceeding. When the convening authority reversed the court-martial's ruling and returned the charges for trial, there was legal justification for the petitioner's confinement. Article 9, Code, supra, 10 USC § 809. At the present time, therefore, the petitioner's confinement is legal and provides no occasion for habeas corpus relief. Hallinan v Commanding Officer Captain R. S. Lamont, Presidio Stockade, 18 USCMA — (Memorandum Opinion and Order, dated December 27, 1968).

The petitioner's second contention raises questions as to the appropriateness of the decision to confine him and the conditions of his confinement. Without considering the extent to which a person accused of a violation of the Uniform Code of Military Justice is entitled to judicial protection against inordinate and intolerable pretrial confinement, no such conditions appear in the record before us.

See Hallinan v Commanding Officer, supra; Jones v Ignatius, 18 USCMA 7, 39 CMR 7. An unchallenged affidavit by the petitioner's commanding officer demonstrates ample justification for his confinement pending trial. Manual for Courts-Martial, supra, paragraph 20*c*. The accused's description of his place of confinement as a "solitary cell" is revealed in papers filed by the Government as a regular cell, with adequate natural and artificial light. It further appears, without contradiction, that the petitioner is permitted the usual privileges, including reading matter, mail, and visitors, and that he is allowed to go regularly to the base hospital for medical attention. We perceive no basis in the record before us from which to conclude that the conditions of the petitioner's confinement are so unusual or so onerous as to justify extraordinary relief.

The petition is denied.

Judge DARDEN concurs.

FERGUSON, Judge (dissenting):

I dissent.

I disagree as to my brothers' interpretation of the power of the convening authority under Article 62(a), Uniform Code of Military Justice, 10 USC § 862, for the reasons set forth in my dissent in United States v Boehm, 17 USCMA 530, 538, 38 CMR 328. The issue of command control can be appropriately raised if, and when, this case reaches this Court for review. Cf. United States v DuBay, 17 USCMA 147, 37 CMR 411.