[5] United States v Rawlins, 440 F2d 1043 (CA 8th Cir) (1971).

---

UNITED STATES, Appellee

v

HERMAN FRAZIER, Lance Corporal, U. S. Marine Corps, Appellant

21 USCMA 444, 45 CMR 218

No. 24,891

June 9, 1972

 

*Lieutenant David C. Sellergren*, JAGC, USNR, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Arthur H. Rainey*, JAGC, USNR.

*Lieutenant James R. Lamb*, JAGC, USNR, argued the cause for Appellee, United States. With him on the brief were *Commander Michael F. Fasanaro, Jr.*, JAGC, USN, and *Major L. K. O'Drudy, Jr.*, USCMC.

## Opinion of the Court

QUINN, Judge:

Pursuant to Article 67(2), Uniform Code of Military Justice, 10 USC § 867, the Judge Advocate General of the Navy has asked this Court to review the correctness of a determination by the United States Navy Court of Military Review "that the convening authority is empowered to overrule and reverse a military judge's ruling on a speedy trial issue." We answered that question in the affirmative in United States v Boehm, 17 USCMA 530, 38 CMR 328 (1968), and reaffirmed the answer in Lowe v Laird, 18 USCMA 131, 39 CMR 131 (1969). However, the accused's counsel contend these cases are not conclusive of this appeal because the trial judge's ruling in this case involved questions of fact as to which the convening authority could not "impose his views" upon the trial judge.

Article 62 of the Uniform Code, 10 USC § 862, empowers the convening authority to return a specification to the court-martial for further proceedings if the specification has been dismissed on motion, and the trial judge's ruling does "not amount to a finding of not guilty." A trial ruling of this kind, made before entry of a plea, can involve a disputed question of fact, with the result that if the issue is decided in one way, trial of the merits will not be barred, but if decided in another, trial is barred. To illustrate, the running of the statute of limitations applicable to an offense is ground for a motion to dismiss before entry of the plea. Article 43, Code, supra, 10 USC § 843; see also Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 67; cf. United States v Sisson, 399 US 267, 300, 26 L Ed 2d 608, 90 S Ct 2117 (1970), footnote 53. Certain circumstances interrupt or toll the running of the statute. One such circumstance is the accused's absence "from territory in which the United States has the authority to aprehend." Article 43(d), Code, supra. If the accused was so absent, but the period of absence is disputed, necessarily the judge must resolve the dispute to pass on a defense motion to dismiss because the statute of limitations has now run against the charge. The judge's ruling thus involves what is often referred to as a mixed question of fact and law, but determination of the factual dispute in the hypothetical case has nothing to do with the accused's guilt or innocence. Consequently, even if the factual finding is favorable to the accused and results in a ruling dismissing the charge, that ruling "does not amount to a finding of not guilty," within the meaning of Article 62.

**445**

Compare Manual, supra, paragraph 67e, as to the effect of a finding of fact by the court members in connection with determination of the merits on a ruling by the trial judge denying a motion to dismiss.

As with the running of the statute of limitations, factual disputes can be involved in a motion to dismiss for denial of a speedy trial. United States v Schalck, 14 USCMA 371, 34 CMR 151 (1964). Those disputes are not of a kind that "would necessarily be tried with the general issue in the case." United States v Sisson, supra, at page 301. Hence, a ruling that the prosecution has been un- ■ reasonable as to time or impermissibly oppressive does not amount to a finding of not guilty. It follows, therefore, that the trial ruling can, under Article 62, be directly reviewed by the convening authority. United States v Boehm, supra.

Article 62 does not clearly define the scope of review. More specifically, it does not expressly confer upon the convening authority power to reject the trial judge's findings of fact and make new findings that would result in a different conclusion. Compare Manual, supra, paragraph 67e. In that respect, Article 62 is different from Article 64 of the Code, 10 USC § 864, which empowers the convening authority, when reviewing a conviction, to "approve only such findings of guilty . . . as he finds correct in law and fact and as he in his discretion determines should be approved." See United States v Massey, 5 USCMA 514, 18 CMR 138 (1955). The difference in language is strongly indicative of a difference in power.

Although it did not address itself to the difference between the provisions of Articles 62 and 64, United States v Boehm, supra, perceived review of a trial ruling under Article 62 as comparable to an appeal in the civilian criminal system by the Government on a question of law. In that light, it postulated a limited scope of review. In material part, the Court said:

"... When reviewing a question affecting a constitutional right, an appellate authority must be circumspect in regard to findings of fact favorable to the accused. United States v Lamphere, supra. Still, it is bound to determine whether there is a substantial basis for the findings, and to reverse the ruling below if there is not. United States v Batson, 12 USCMA 48, 30 CMR 48; United States v Davis, 11 USCMA 410, 29 CMR 226. We are satisfied that the convening authority's decision to reverse was justified as a matter of law and fact. The evidence shows an important witness had absented himself without leave for a considerable part of the pretrial period. See United States v Kaufman, 311 F2d 695 (CA 2d Cir) (1963); United States v Palermo, 27 FRD 393 (SD NY) (1961). We hold, therefore, that the convening authority did not err in returning the charge to the original court-martial for further proceedings."

As defined in Boehm, the convening authority's power of review does not allow him to substitute his judgment for that of the trial judge's in regard to the findings of fact underlying that trial ruling. He can, however, review the facts from two points of view: (1) Are the facts, as found by the trial judge, reasonably supported by evidence? If they are, the convening authority must accept them; but if they are not, he may disregard the findings in determining the validity of the ruling even though he cannot make new findings of fact. (2) Do the facts found by the trial judge, which are supported by evidence, justify his ruling as a matter of law? If they do, the ruling must be sustained; if they do not, the ruling is properly reversible. In either event, the review presents a question of law.

Like Boehm, United States v Jennings, 17 USCMA 114, 37 CMR 378 (1967), points up the difference between review by the Government, under Article 62, of a judge's ruling favorable to an accused, and review of a conviction in which the judge ruled

against the accused on a motion to dismiss and no finding by the court members is contrary to a finding essential to the ruling. See Manual, supra, paragraph 67e. *Jennings* indicated that the reviewing authority can make new findings of fact, and, on the basis of those facts, overturn the trial judge's ruling denying the accused's motion. While *Jennings* was concerned with the power of a board of review (now Court of Military Review), under Article 66, its conclusion can properly be applied to the convening authority, since his power of review of a conviction is even broader than that of the Court of Military Review. United States v Massey, supra.

Considering the language and purpose of Article 62 in light of *Boehm* and *Jennings*, we agree ▮▮▮▮▮▮▮ ▮ with the accused's counsel that the convening authority cannot make findings of fact contrary to those of the trial judge. But, as we have already indicated, that limitation does not mean that he has no power to overrule the trial judge as a matter of law. The Manual for Courts-Martial is to the same effect. It observes that the trial judge "will accede" to the convening authority's determination, if the disagreement between them "relates solely to a question of law," but the trial judge may "exercise his . . . discretion," if the disagreement "relates to issues of fact." Manual, supra, paragraph 67f.[1] Thus, it serves no useful purpose to describe the trial judge's ruling as a mixed question of law and fact. Findings that are not supported by evidence do not bind a reviewing authority. United States v Kantner, 11 USCMA 201, 204, 29 CMR 17 (1960). Neither is the reviewing authority bound, as a matter of law, to accept the conclusion of the trial judge if that conclusion is not supported by factual findings. United States v Boehm, supra; see also United States v Mason, 21 USCMA 389, 45 CMR 163 (1972). Should the convening authority reverse the trial ruling

as a matter of law and require the accused to stand trial, the accused, if convicted, is entitled to review of the convening authority's determination as part of the record of his conviction. United States v Boehm, supra, page 536; see also Priest v Koch, 19 USCMA 293, 298, 41 CMR 293 (1970); United States v Hubbard, 21 USCMA 131, 44 CMR 185 (1971).

The opinion of the Court of Military Review indicates that the "trial judge himself . . . decided ▮▮▮▮▮▮▮▮ ▮ the issue in favor of the accused as a matter of law" and the convening authority had acted on the same basis in reversing the judge's ruling. We agree with that construction of the respective rulings. The only contested issue considered by the trial judge was whether the delay in the proceedings had hampered the accused's preparation for trial. The trial judge expressly found against the accused on that issue. The Court of Military Review further determined that the other evidence did not as a matter of law establish unreasonable delay. Our reading of the record leads us to the same conclusion. Accordingly, we answer the certified question in the affirmative and affirm the decision of the Court of Military Review.

Chief Judge DARDEN concurs.

DUNCAN, Judge (concurring):

Both in United States v Boehm, 17 USCMA 530, 38 CMR 328 (1968) and in Lowe v Laird, 18 USCMA 131, 39 CMR 131 (1969), under the base authority of Article 62(a), Uniform Code of Military Justice, 10 USC § 862, this Court apparently gave approval to the practice of a convening authority ordering reconsideration *and* reversing a military judge's decision dismissing a case for failure to speedily try an accused. I am bothered by such conclusions that the military judge shall accede to the view of the convening authority. Paragraph 67f, Manual for Courts-Martial, United States, 1969 (Revised edition). In my view those

---

[1] Since the Manual provision accords with our construction of Article 62, we need not consider whether it promulgates a rule of practice or merely discusses the import of earlier cases.

decisions, as well as paragraph 67*f*, reach out too far over the limits of Article 62(a), which provides that the "convening authority may return the record to the court for *reconsideration* . . . and further appropriate action." (Emphasis supplied.) Nevertheless, *stare decisis* is a valuable aspect of our law and must be considered and respected. Accordingly, based on the decisions in *Boehm* and *Lowe*, I concur.