UNITED STATES, Appellee

v

WILLIAM BIELECKI, Private, U. S. Marine Corps,
Appellant

21 USCMA 450, 45 CMR 224

No. 24,788

June 23, 1972

*Captain D. A. Higley,* USMC, argued the cause for Appellant, Accused. With him on the brief was *Captain R. O. Kellam,* JAGC, USN.

*Lieutenant James R. Lamb,* JAGC, USNR, argued the cause for Appellee, United States. With him on the brief was *Commander Michael F. Fasanaro, Jr.,* JAGC, USN.

## Opinion of the Court

DARDEN, Chief Judge:

In this case the Court considers three issues. They involve the applicability of the Sixth Amendment right to counsel for a Marine in pretrial confinement whose request for consultation with counsel is denied, the effect of an unrecorded side-bar conference between trial counsel and the military judge, and the correctness of the convening authority's action in reversing the military judge's dismissal of the charge on motion.

Trial of the appellant on a charge of desertion began at the El Toro Marine Base, California, on October 12, 1970. Before the entry of a plea, Bielecki's civilian counsel moved for dismissal of the charge, arguing the lack of speedy trial. After the introduction of a stipulated chronology of events, followed by the arguments of counsel, the military judge denied this motion. Bielecki's civilian counsel then moved for dismissal because the appellant was denied the effective assistance of counsel "as required" by the Sixth Amendment to the Constitution. According to the defense argument, counsel for Bielecki was not appointed until forty-five or fifty days after his confinement. Ten or twelve days after his appointment, counsel had an automobile accident. Bielecki and his first appointed counsel never met. Six days later a replacement was appointed. The defense points out that sixty-one days passed before Bielecki consulted a lawyer.

Bielecki also collaterally contends that his not being informed of his right to counsel during this period violated Miranda v Arizona, 384 US 436, 16 L Ed 2d 694, 86 S Ct 1602 (1966).

Testifying on the limited issue of counsel, appellant related that he had been arrested as a deserter by agents of the Federal Bureau of Investigation, who confined him at Orange County Jail, California. Marine police then transferred him to the Correctional Center at El Toro. From the second week of his confinement to his release, he put in five or six brig mast chits

requesting he be appointed, or allowed to speak with, "a lawyer counsel." He obtained no response other than a comment from a brig counselor that counsel would be appointed. Not until two days after his release from the brig was his request granted. On one occasion, however, Bielecki was permitted to call a civilian attorney, who refused to take his case. Reproductions of Bielecki's chit requests are appended to the record as Appellate Exhibits III through X. Government counsel stipulate to their authenticity.

Persuaded by Bielecki's testimony and the supporting appellate exhibits, the military judge granted this motion, dismissing the charge and specification.

But on December 10, 1970, the court reconvened. Trial counsel explained for the record that he had petitioned the convening authority for a review of the military judge's action. Relying on Article 62, Uniform Code of Military Justice, 10 USC § 862, and paragraph 67f, Manual for Courts-Martial, United States, 1969 (Revised edition), the convening authority construed the counsel issue as being one of law, reversed the military judge's decision, and ordered the court-martial reconvened.

As the trial began anew the military judge stated that he had been reversed by the convening authority on a matter of law and that he had no alternative but to proceed with the trial. He again denied a defense motion to dismiss for lack of speedy trial. Bielecki then entered a plea of guilty after informing the military judge that he wished to have the case heard by the military judge alone. His conviction swiftly followed.

During this term of court, we have twice considered questions relating to the pretrial right of a serviceman to consult with a lawyer while confined. United States v Adams, 21 USCMA 401, 45 CMR 175 (1972); United States v Mason, 21 USCMA 389, 45 CMR 163 (1972). Like Bielecki, the appellants in those cases expressed several times a desire to have legal counsel made available. The essence of both cases is that, alone, pretrial confinement or its equivalent is not a "critical stage" of the accusatory process that would entitle a member of the armed forces to the assistance and advice of counsel. Miranda v Arizona, supra, has no application except in instances involving attempted use of statements by the accused while he was subjected to custodial interrogation. United States v Tempia, 16 USCMA 629, 37 CMR 249 (1967). If during a "critical stage" an accused has the aid of appointed or selected counsel, no violation of the Sixth Amendment or the Uniform Code occurs.

On the other hand, an accused's frustrated attempt to secure legal help in such circumstances may cause a court to characterize trial delay, if any exists, as vexatious.[1] Reversal of a conviction may be the consequence. United States v Mason, supra, where lack of speedy trial was also an issue,[2] is such a case.

---

[1] We have noted that the military justice system has no equivalent of Rule 5 of the Federal Rules of Criminal Procedure, which requires that an arrested person be taken before the nearest available magistrate for examination and advice, including his right to request assignment of counsel if he is unable to obtain counsel. Now a magistrate's program similar to Rule 5 is being utilized in some service commands. Under this program, major confinement facilities are visited by a field grade judge advocate who has authority to order the release of a prisoner before and during certain periods of his pretrial confinement. A personal appearance by the prisoner and representation by counsel are permitted. This commendable program should operate to reduce occasions for the contention that an accused has been denied the opportunity to consult with counsel. "The Military Magistrate Program," 2 The Army Lawyer 3, May 1972.

[2] That issue is not now before the Court.

In the case before us the record shows that Bielecki was represented at the Article 32 investigation by appointed military counsel who later joined with individual civilian counsel in the appellant's trial defense. Since a lawyer-client relationship had by then been established, the only question that remains is one of prejudice from the earlier failure to furnish counsel. United States v Adams, supra. That Bielecki suffered no harm at trial from his earlier inability to secure consultation with counsel is supported by his having pleaded guilty to the desertion charge.[3] Accordingly, we turn to the second assignment of error.

The side-bar conference between trial counsel and the military judge involved in the second issue occurred at an early stage of the trial proceeding during the following exchange:

"DC: Your Honor, at this time the defense would move to dismiss the charge on the ground that the accused has been denied a speedy trial, and that the proceedings in this case have not been brought in accordance with Article 10 and Article 33 of the Uniform Code of Military Justice and, in addition, in accordance with the Sixth Amendment of the Constitution of the United States.

"TC: Mark this as an appellate exhibit.

"RPT NOTE: The document was marked as Appellate Exhibit II.

"TC: Your Honor, Appellate Exhibit II purports to be a stipulated chronology of the events leading up to trial in this case, and this stipulated chronology is with the expressed consent of the accused.

"MJ: Is that correct?

"DC: That is correct.

"RPT NOTE: At this point the trial counsel approached the bench and spoke with the military judge.

"IC: Excuse me; I would like to know what you are saying to the military judge.

"TC: I am just explaining the amended portion of the chronology to him.

"IC: I still want to hear what you are saying.

"MJ: Very well, the stipulation is accepted.

"TC: The Government has no further evidence to offer."

This side-bar conference cannot be characterized as one that normally must be recorded, transcribed, and incorporated in the record. United States v Richardson, 21 USCMA 383, 45 CMR 157 (1972). Since the military judge acted in the enlarged role of both judge and juror, trial counsel's remarks to him could have had greater significance. The occurrence is somewhat like a closed conference between the judge and the president of a court who discussed the merits of the case (United States v Jakaitis, 10 USCMA 41, 27 CMR 115 (1958)), or procedural matters (United States v Henderson, 11 USCMA 556, 29 CMR 372 (1960)), or one in which the military judge intrudes on court members during their sentence deliberations (United States v Allbee, 5 USCMA 448, 18 CMR 72 (1955)).

To determine whether harm occurred in those instances, this Court applied a rebuttable presumption of prejudice. Assuming that such a presumption is an appropriate one here, we must decide whether the presumption is overcome by a " 'clear and positive' " showing that the military judge was not wrongly influenced by

---

[3] Bielecki's plea of guilty may have mooted this issue, since a guilty plea generally waives all pretrial defects that are not jurisdictional. The rule in this Court has been somewhat narrower, however, since the Court did not invoke the waiver doctrine in a guilty plea case concerned with matters of due process. See United States v Schalck, 14 USCMA 371, 34 CMR 151 (1964). Whether waiver occurred here we need not decide.

trial counsel's remarks. United States v Adamiak, 4 USCMA 412, 418, 15 CMR 412 (1954).

As the term itself implies, a closed conference is one in which the defense has little or no knowledge of what happened. Consequently, little opportunity exists to counter any harm that could have resulted. As in *Adamiak,* supra, however, Bielecki's counsel was present at the instant proceeding. He saw what happened, knew the subject of the appellate exhibit, and knew that a conversation between judge and trial counsel was occurring. He exercised his opportunity to protest in open court.

If the stipulation of events was amended, counsel had to be aware of the changes, since the stipulation was entered into with the express consent of the accused. Counsel did not object to the military judge's accepting the exhibit. Furthermore, if their had been an inconsistency between trial counsel's remarks regarding the document and the document itself, we would expect the military judge to inform both counsel, since he is presumed to know the law and to exercise the necessary discretion to resolve any such inconsistency. United States v Montgomery, 20 USCMA 35, 42 CMR 227 (1970). Finally, trial counsel made known the substance of the conference, and defense counsel had no objection to his statement or to the eventual introduction of this document. We consider the presumption of prejudice satisfactorily rebutted.

Addressing the last of the three issues, appellate defense counsel agree that the military judge's ruling granting dismissal did not amount to a finding of not guilty and that therefore the convening authority could return the ruling for reconsideration. This concession is correct. United States v Boehm, 17 USCMA 530, 38 CMR 328 (1968).

Counsel maintain, however, that the military judge erred in not exercising his discretion in reconsidering his action on the motion, as the basic issue

454

involved is one of mixed fact and law. See Article 62, Uniform Code of Military Justice, 10 USC § 862, and paragraph 67f, Manual for Courts-Martial, United States, 1969 (Revised edition).

In United States v Frazier, 21 USCMA 444, 45 CMR 218 (1972), this Court elaborated on the scope of a convening authority's authority to reverse a military judge's ruling. The reasoning of that decision is applicable here.

There, we said the convening authority's power of review is not so broad as to permit him to substitute his judgment of the facts for that of the military judge. But he may determine whether the evidence reasonably supports the facts as found by the judge. If not, the judge's factual determination may be disregarded by the convening authority when he assesses the validity of the ruling. He may also look to the facts as found by the judge to determine if the latter's ruling is correct as a matter of law. If so, the ruling is sustained; if not, reversal must follow. In either event, the review presents a question of law.

The Court agreed in *Frazier* that nothing is gained by describing a trial ruling as a mixed question of fact and law. Findings that are not supported by the evidence do not bind the reviewer. In those circumstances, neither is the convening authority bound to accept the conclusions of the judge as a matter of law.

In this case the underlying events appear not to be in dispute. The legal effect given to a set of undisputed facts represents a pure question of law. Hoover v Allen, 241 F Supp 213 (SD NY) (1965). But even if the defense is correct in asserting that a conflict exists between Bielecki's testimony and the mast chits introduced as appellate exhibits, in that the latter did not specifically indicate he then wanted to consult with counsel, the Government must still prevail. Earlier we concluded that Bielecki's failure to obtain pretrial consultation

with counsel violated neither the Sixth Amendment to the Constitution nor the Uniform Code of Military Justice. The convening authority's action reversing the military judge's ruling on this point was therefore correct. Accordingly, we affirm the decision of the Court of Military Review.

Judge QUINN concurs.

DUNCAN, Judge (concurring in part and dissenting in part):

I concur with the decision of the majority regarding the side-bar conference issue. I dissent from the decision reached by the majority which in effect affirms the action of the convening authority who reversed the military judge's decision dismissing the Charge and specification for the failure to allow the appellant to consult military counsel. The appellant was confined on June 26, 1970. After a number of requests for consultation with such counsel, counsel was assigned on August 10, 1970; however, that counsel was injured before seeing the appellant, and Bielecki first consulted with new counsel on August 26, 1970. I would hold that such a protracted denial of the right to consult counsel is "so fundamentally unfair that the resultant impact is unconscionable, and fundamental fairness requires dismissal." See United States v Mason, 21 USCMA 389, 45 CMR 163 (1972).

I concur in the determination that a convening authority has the authority to reverse a military judge on questions of law and that the facts at bar are not in dispute and the question is one of law. However, see my concurring opinion in United States v Adams, 21 USCMA 401, 45 CMR 175 (1972).