### July 21, 1972

No. 72–29 Johnny M. Creel, PVT, U. S. Marine Corps v Commanding General, 1st Marine Division (Rein), FMF, MCB Camp Pendleton, California.

On consideration of the Petition for Extraordinary Relief filed in the above-entitled action it appearing that no court-martial charges against petitioner, Johnny M. Creel, are pending or contemplated, it is, by the Court, this 21st day of July 1972,

ORDERED:
That said Petition be, and the same is hereby, dismissed.

### July 31, 1972

No. 72–30 Patrick A. O'Brien, PVT, U. S. Marine Corps v Convening Authority, Commanding General, MAJ GEN C. W. Hoffman, MCRD, Parris Island, South Carolina; Military Judge, COL Arthur R. Peterson, USMC, Navy-Marine Corps Judiciary Activity, MCB, Camp Lejeune, North Carolina; and Trial Counsel, CAPT John D. McCullough, USMCR, Headquarters and Service Battalion, MCRD, Parris Island, South Carolina.

On consideration of the Petition for Extraordinary Relief filed in the above-entitled action it appearing that the convening authority's order directing reconsideration of the ruling on petitioner's motion to dismiss for denial of the right of a speedy trial is authorized by Article 62(b), Uniform Code of Military Justice, 10 USC § 862(b), and such order is subject to review in the normal course of appellate review provided by the Uniform Code, supra, it is, by the Court, this 31st day of July 1972,

ORDERED:
That said Petition be, and the same is hereby, dismissed. United States v Boehm, 17 USCMA 530, 38 CMR 328 (1969); United States v Frazier, 21 USCMA 444, 45 CMR 218 (1972).

### August 17, 1972

No. 72–31 Charlie Eason, III, CPL, U. S. Marine Corps v LT GEN Robert P. Keller, USMC; CAPT William Noonan, USMC; and CAPT T. O. Tottenham, USMCR.

ORDERED:
That said Petition be, and the same is, hereby denied.

### August 22, 1972

No. 72–32 Michael L. Sims, LCPL, U. S. Marine Corps v United States.

On consideration of the Petition for Extraordinary Relief filed in the above-entitled case, it appearing that the United States Navy Court of Miliary Review has retained jurisdiction over the case after issuing its interlocutory order directing the preparation of a new post-trial review and action by the Convening Authority and thus is the more appropriate form to grant the relief which petitioner seeks, it is, by the Court, this 22d day of August 1972,

ORDERED:
That said Petition for Extraordinary Relief be, and the same hereby is, denied without prejudice to the petitioner's application for the same to the United States Navy Court of Military Review.