UNITED STATES, Appellee

v

RODERICK DRIVER, Private, U. S. Army, Appellant

No. 28,142

December 13, 1974

*Captain William J. Guinan* argued the cause for Appellant, Accused. With him on the brief were *Colonel Arnold I. Melnick, Colonel Victor A. DeFiori, Major H. M. Hougen, Captain John Howard Shows,* and *Captain Michael L. Quirk.*

*Lieutenant Colonel Ronald M. Holdaway* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Donald W. Hansen, Captain Robert C. Roth, Jr., Captain Hugh W. Brenneman, Jr.,* and *Captain Joel M. Martel.*

## OPINION OF THE COURT

Cook, Judge:

Upon trial by general court-martial, this appellant was convicted of burglary, threatening to injure a fellow soldier and robbery. His sentence to bad-conduct discharge, total forfeitures, and 5 years confinement at hard labor was modified by the Court of Military Review which reduced the confinement to 4 years. Upon petition, review has been granted by this Court on a single issue. The question for consideration is whether the military judge erred to the substantial prejudice of appellant by denying his motion to dismiss the charges and specifications for lack of a speedy trial.

In a session called to order on January 15, 1973, as provided by Article 39(a), Uniform Code of Military Justice, 10 USC § 839(a), appellant moved to dismiss the charges and specifications on the ground that he had been denied a speedy trial. All of the offenses charged had allegedly occurred on October 6, 1972, and for them the accused was placed in

pretrial confinement on October 9. As stated in the opinion of the Court of Military Review:[1]

> The charges arose out of an incident when appellant and several of his friends broke into the "hooch" where another serviceman and his Korean girl friend were sleeping, threatened the serviceman and stole his watch, lighter and pocket knife.

The pretrial confinement was still in effect at the time of the motion, a period of 98 days. To account for what transpired during the time, counsel for the Government introduced a chronology covering the period and called as witnesses the Article 32 investigating officer, as well as the legal clerk who assisted in preparing the Article 32 report. The record shows that the formal charges were sworn to and accused advised of them on October 28, 1972; that the Article 32 investigating officer was appointed the same date; and that the investigation occurred on November 11.

After hearing arguments by both counsel and weighing the evidence, the military judge denied the motion because he did not consider that there had been any purposeful or oppressive design on the part of the Government to delay the trial. It was his further belief that the Government had proceeded with reasonable diligence in bringing the charges to trial. This ruling of the military judge was presented as a claim of error before the Court of Military Review and that body concluded the military judge had not erred in denying the motion. In the course of its opinion, the Court noted there was no question that accused's civilian counsel had requested and received a 7-day delay in the Article 32 investigation but decided the period was not deductible from the 98 days the accused spent in pretrial confinement. Accordingly, under the rule announced in *United States v Burton,* 21 USCMA 112, 44 CMR 166 (1971), the Court held that there was raised a presumption of

an Article 10 violation for which the Government had the burden of showing diligence.[2] On the basis of the evidence presented, and even though the appellant had been in confinement, the court decided that the Government had met its "heavy burden of showing diligence" and affirmed the military judge's ruling. The court's reasons were, as follows:[3]

> The incident involved serious offenses. It was made complex by the number of possible accused (five), and the difficulty in determining the criminal responsibility of each. It occurred in a foreign country and involved foreign national witnesses. Language difficulties were encountered and one of the victims could not even be found for the trial. The geographic locations of the units and commands involved also added to the difficulties encountered.
>
> These are special circumstances which require more than the normal preparation and processing time and which could justify a departure from the three-month norm. United States v Marshall, 22 USCMA 431, 47 CMR 409 (1973); United States v Stevenson, 22 USCMA 454, 47 CMR 495 (1973).

It is in this state of the record that we consider the issue.

Regarding the 7-day delay, the record shows that privately retained counsel for appellant made a request that the Article 32 investigation scheduled for November 4, be delayed until November 9 in order to permit the defense to prepare for the investigation. This request was granted by the investigating officer and the hearing was further delayed until November 11, after a second defense request for delay was granted. On November 11, the Article 32 began and was completed that same date, as indicated above. The report of the investigating officer, however, was not forwarded until December 14. Holding that the 7-day delay did not prevent the *"Burton* ratio-

---

[1] United States v Driver, CM 429661 (ACMR, January 4, 1974).

[2] Article 10, UCMJ, 10 USC § 810, provides in pertinent part:

When any person subject to this chapter is placed in arrest or confinement prior to trial, immediate steps shall be taken to inform him of the specific wrong of which he is accused and to try him or to dismiss the charges and release him.

[3] United States v Driver, *supra* note 1.

nale" from applying, the Court of Military Review stated:[4]

First, not every defense delay regardless of length prevents application of the *Burton* rule but rather the length of such delay is to be deducted from the length of pretrial confinement to determine whether the 3-months standard was violated. Second, not every defense request for delay during any stage of the proceedings should be deductible from the pretrial confinement time but only requested delays in the trial date or delays in some earlier stage of the proceedings which are unreasonable.

■ When promulgating a rule concerning speedy trial for offenses occurring after December 17, 1971, this Court ruled that "in the absence of defense requests for continuance, a presumption of an Article 10 violation will exist when pretrial confinement exceeds three months." *United States v Burton, supra* at 118, 44 CMR at 172. Although the Court of Military Review may be correct in holding that not every defense request for delay should be chargeable to accused, this exclusion does not apply when a continuance or delay is granted solely for the convenience and benefit of the accused. This determination is confirmed by the opinion in *United States v Marshall*, 22 USCMA 431, 47 CMR 409 (1973). Examining delays found in that case, the Court pointed out that they were "all conditions or circumstances for which the Government is responsible and for which allowance was made in the establishment of the 3-month standard." *Id.* at 434, 47 CMR at 412. The same opinion also indicated that the Government was not chargeable for periods or circumstances "beyond the control of the prosecution." *Id.* Thus, whatever the reason for granting a defense request for delay, nothing in *Burton* or *Marshall* supports the distinction drawn by the Court of Military Review in computing the accountable period of pretrial confinement. Rather, as set out above, continuances or delays granted only because of a request of the defense and for its convenience are excluded from the 3-

month period. In view of this and since the instant 7-day delay in beginning the Article 32 occurred under these circumstances, it was chargeable to accused. The period from October 9, 1972, to January 15, 1973, from which it is proper to subtract 7 days and thus make a total of 91 days, did not exceed 3 months; consequently, the *Burton* rule was complied with and no presumption of a violation of Article 10 of the Uniform Code arose. The fact that there was a further delay from January 15 until January 24, 1973, when trial on the merits began, is also not chargeable to the Government in this case. Defense counsel earlier had asked that the motion be disposed of that morning because he had personal business that needed his attention on the afternoon of January 15. Subsequently, the record shows that after the motion was denied and accused entered a plea of not guilty to all of the charges and specifications, counsel for both sides mutually agreed to the date of January 24 that was suggested.

■ Incident to our review of this case, an ancillary question developed. At oral argument it became apparent that there is a misunderstanding regarding the actual period of pretrial confinement necessary to engender a presumption that Article 10 has been violated. The confusion is attributed to certain language that was used in the same *Marshall* opinion. The holding in *Marshall* reaffirmed *Burton* and quoted with approval the rule it had announced. After doing so, the opinion then made reference to a "delay beyond 90 days." *United States v Marshall, supra* at 435, 47 CMR at 413. It is this numerical expression of days instead of months that, occasionally, is being interpreted as the fixed period beyond which a presumption of violating Article 10 will result. It is apparent, however, that in some instances a 3-month period can equal, exceed or even be less than 90 days. The appellant in *Marshall* in fact did begin his confinement in February 1972, a year when there were 29 days in the month of February. Accordingly, the specific reference to 90 days as implicitly being syn-

---

[4] United States v Driver, *supra* note 1.

onymous with 3 months was understandable and correct. Therefore, the 3-month rule should be and is affirmed in this instance.[5] Notwithstanding and because a 3-month period can be variable, it is our view that the rule in *Burton* should be modified to cover a period of pretrial confinement of 90 days rather than 3 months. This change will set a single standard for all cases and will give stability to the application of the rule. See *Dunlap v Convening Authority,* 23 USCMA 135, 48 CMR 751 (1974). Henceforth, as changed, that part of the rule will read, "in the absence of defense requests for continuance, a presumption of an Article 10 violation will exist when pretrial confinement exceeds 90 days."

In view of the foregoing, and there being nothing to show any purposeful or oppressive design on the part of the Government to delay the trial, as found by the military judge, he did not err in denying the motion to dismiss.[6] Accordingly, the decision of the Court of Military Review is affirmed.

Judge QUINN and Senior Judge FERGUSON concur.

---

[5] Regarding the possible consequences of the interchangeable use of "three months" and "90 days," in opinions subsequent to *Marshall,* in every instance the period involved in those cases exceeded not only 90 days but also 3 months no matter what the various combinations of months and days. Accordingly, the Court had no occasion to consider this additional question before now.

[6] *Cf.* United States v Frazier, 21 USCMA 444, 45 CMR 218 (1972).