John C. MANGSEN, Constructionman, U. S. Naval Reserve, Petitioner,

v.

Roy D. SNYDER, Jr., Rear Admiral, U. S. Navy, Commandant, First Naval District, Respondent.

Miscellaneous Docket No. 75–5.

U. S. Court of Military Appeals.

Feb. 6, 1976.

---

Lieutenant J. R. Cliffe, JAGC, USNR, argued the case for Petitioner. With him on the brief were Lieutenant Commander Frank B. Swayze, JAGC, USN, and Lieutenant (j.g.) Timothy M. Boudewyns, JAGC, USNR.

Lieutenant Commander Harvey E. Little, JAGC, USN, argued the cause for Respondent. With him on the brief was Lieutenant Colonel P. N. Kress, USMC.

## MEMORANDUM OPINION OF THE COURT

At an Article 39(a)[1] session, petitioner through his defense counsel moved to dismiss the charge against him[2] on the ground that the court-martial lacked jurisdiction over the accused.[3] After hearing testimony on the motion and argument by both counsel, the trial judge granted the motion. Three weeks later, at another Article 39(a) session, the same trial judge stated on the record that he had received a letter from the convening authority, which letter expressed the convening authority's disagreement with the military judge's legal conclusion regarding jurisdiction to try the petitioner. The following portion of the record of that proceeding is revealing:

> MJ: I have received a letter from Admiral SNYDER, asking me to reconsider my decision on jurisdiction. I have reconsidered my dismissal of the charge at the prior session, and have at this time reversed myself, denying the motion made by defense to dismiss for lack of jurisdiction.

> DC: For the defense's record on this trial, is the previous decision of the court, was that in the court's mind a ruling of law, or is there at all a mixed question of law and fact in the decision by the court that the court had no jurisdiction?

> MJ: I see it as a question of law.

Petitioner has come to us, during a continuance granted by the trial court for such purpose, asking that the charge against him be dismissed for want of jurisdiction.[4]

Article 62(a), UCMJ, 10 U.S.C. § 862(a), provides that:

> If a specification before a court-martial has been dismissed on motion and the ruling does not amount to a finding of not guilty, the convening authority may return the record to the court for reconsideration of the ruling and any further appropriate action.

Paragraph 67f of the Manual,[5] as well as the precedent[6] of this Court, has construed this provision as empowering the convening authority in the circumstance described to reverse the trial judge's ruling, to which action the trial judge must accede. However, in our recent opinion in United States v. Ware, 1 M.J. 282 (1976), we reviewed Article 62(a) and ruled that the plain and clear language of that statutory provision authorized only a reconsideration, and not a reversal, of the prior ruling of the judge. Specifically, we opined:[7] Thus, we hold

---

1. Uniform Code of Military Justice, 10 U.S.C. § 839(a).

2. Assault upon a superior commissioned officer then in the execution of his office, in violation of Article 90, Uniform Code of Military Justice, 10 U.S.C. § 890.

3. Paraphrased, the substance of the questions presented to the trial court, and to us, regarding jurisdiction is as follows:
   1. Is a non-active duty reservist subject to the UCMJ when he attends a regularly scheduled drill session of his reserve unit?
   2. (a) If so, can an offense committed by him at a particular drill session be tried by court-martial at a subsequent drill session?
   (b) Even if jurisdiction exists, are there preconditions to the exercise of jurisdiction at a later drill session?

4. Because of our disposition of the case on the ground addressed, we need not determine the novel questions directly before this Court in the petition.

5. Manual for Courts-Martial, United States, 1969 (Rev.).

6. United States v. Bielecki, 21 U.S.C.M.A. 450, 45 C.M.R. 224 (1972); United States v. Frazier, 21 U.S.C.M.A. 444, 45 C.M.R. 218 (1972); Lowe v. Laird, 18 U.S.C.M.A. 131, 39 C.M.R. 131 (1969); United States v. Boehm, 17 U.S.C.M.A. 530, 38 C.M.R. 328 (1968).

that Article 62(a) of the Code authorizes the convening authority in the circumstances described to return the record of the trial court for reconsideration of a legal ruling, but that the judge to whom the record is returned is not to presume himself reversed thereby. Rather, he is charged to reexamine his prior ruling on the motion involved and to rule thereon once again, which ruling will be the product of his own, independent legal judgment.

We are not given pause in the instant case by the trial judge's statement that he was reversing himself, as opposed to acceding to the views of the convening authority. The judge clearly expressed an opinion that the question before him was one of law; as such, our precedent binding him to the contrary determination of the convening authority left him no choice but to reverse himself. Furthermore, the convening authority's letter returning the case contained no factual revelations or legal argument not expressly before the court at the time of the initial ruling. As no additional evidence or argument was presented at the second session, we have little doubt but that the trial judge, rather than having changed his personal opinion on the legal motion before him, simply was reversing himself as he felt bound to do by law. Our disposition of this petition will effectuate his earlier ruling.

The second ruling of the trial judge is reversed. Reinstating his prior ruling, the charge is dismissed.

7. *United States v. Ware, supra* at 282 (footnote omitted).