UNITED STATES, Appellee,

v.

Steven J. ROWEL, Private, U.S. Army, Appellant.

No. 30,832.

U. S. Court of Military Appeals.

Feb. 20, 1976.

7.  *United States v. Ware, supra* at 282 (footnote omitted).

*J. Francis Pohlhaus, Esquire, Colonel Alton H. Harvey, Captain Michael R. Caryl, Captain John M. Nolan, Captain James E. Heath*, and *Captain Donald R. Jensen* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel Donald W. Hansen, Major John T. Sherwood, Jr., Captain John F. DePue*, and *Captain John F. Schmutz* were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

### PER CURIAM:

At the initial stage of appellant's general court-martial on charges of rape and absence without leave,[1] trial defense counsel moved to dismiss all charges on the ground that the appellant had been denied his right to a speedy trial.[2] After receiving evidence addressing the motion and after hearing argument of both counsel thereon, the trial judge granted the motion and dismissed the charges.

Upon petition by the trial counsel, and after considering the rebuttal of the defense counsel and the advice of the staff judge advocate, the convening authority returned the record to the trial judge and requested that the latter reconsider his ruling,[3] based on alleged "extraordinary circumstances" involved in bringing the appellant to trial.[4] After reconsidering his original ruling, the trial judge adhered thereto. Thereupon, the convening authority reversed the trial judge and instructed him to reconvene the court and to continue with the trial.

At this point, the trial judge, citing his bias against the Government stemming from the proceedings to date, recused himself and a new judge was detailed to the court-martial. This judge ruled that the speedy trial issue had been resolved in favor of the Government by the convening authority's actions, and trial of the appellant on the charges occurred, resulting in findings of guilty.

In our recent opinion in *United States v. Ware*, 1 M.J. 282 (1976), we reviewed Article 62(a) and ruled that the plain and clear language of that statutory provision authorized only a *reconsideration*, and not a *reversal*, of the prior ruling of the trial judge, thus voiding that portion of paragraph 67f of the Manual[5] to the contrary and overruling precedent of this Court.[6] Specifically, we opined:[7]

Thus, we hold that Article 62(a) of the Code authorizes the convening authority in the circumstances described to return the record of the trial court for reconsideration of a legal ruling, but that the judge to whom the record is returned is not to presume himself reversed thereby. Rather, he is charged to re-examine his prior ruling on the motion involved and to rule thereon once again, which ruling will be the product of his own, independent legal judgment.

In this case, the trial judge expressly adhered to his original ruling to dismiss all charges when he reconsidered same pursuant to the convening authority's lawful request to do so. All subsequent action by the convening authority and the second trial judge relevant to that motion was, therefore, without legal power or consequence.

1. Articles 120 and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 886.

2. *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971).

3. Article 62(a), UCMJ, 10 U.S.C. § 862(a).

4. *United States v. Burton, supra.*

5. Manual for Courts-Martial, United States, 1969 (Rev.).

6. *United States v. Bielecki*, 21 U.S.C.M.A. 450, 45 C.M.R. 224 (1972); *United States v. Frazier*, 21 U.S.C.M.A. 444, 45 C.M.R. 218 (1972); *Lowe v. Laird*, 18 U.S.C.M.A. 131, 39 C.M.R. 131 (1969); *United States v. Boehm*, 17 U.S.C.M.A. 530, 38 C.M.R. 328 (1968).

7. *United States v. Ware, supra* at 287 (footnote omitted).

We will give effect to the trial judge's ruling.

The decision of the U.S. Army Court of Military Review is reversed, and the findings and sentence are set aside. The charges are dismissed.

Judge PERRY did not participate in the decision of this case.

FLETCHER, Chief Judge (concurring):

I concur in the opinion of the Court with the following additional observation. Our rejection of a portion of paragraph 67f, Manual for Courts-Martial, United States, 1969 (Rev.), in *United States v. Ware*, 1 M.J. 282 (1976), which was dictated by the plain language of Article 62(a), Uniform Code of Military Justice, in practical effect, leaves the Government with no means of appeal from an adverse ruling of the trial judge. Such a void is unhealthy from a judicial administration standpoint. *See* ABA Standards, Criminal Appeals § 1.4 (1970). Because appeals by the Government in criminal cases are barred absent statutory authorization,[1] the immediate need for Congressional action which does not offend the Double Jeopardy Clause of the Constitution[2] should be obvious. *See, e. g.,* 18 U.S.C. § 3731.

---

1. *Will v. United States*, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967); *Carroll v. United States*, 354 U.S. 394, 77 S.Ct. 1332, 1 L.Ed.2d 1442 (1957); *United States v. Burroughs*, 289 U.S. 159, 53 S.Ct. 574, 77 L.Ed. 1096 (1933).

2. *United States v. Jorn*, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971); *United States v. Sisson*, 399 U.S. 267, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970); *Will v. United States, supra.*