**UNITED STATES, Appellee,**

v.

**Ronald J. WILLIAMS, Aviation Maintenance Administrationman Airman, U.S. Naval Reserve, Appellant.**

No. 31,795.
NCM 75–2621.

U. S. Court of Military Appeals.

2 Dec. 1976.

*Captain Eugene A. Ritti*, USMCR, *Captain Donald A. Olowinski*, USMCR, *Captain Paul H. Duvall*, USMCR, and *Lieutenant J. R. Cliffe*, JAGC, USNR, were on the pleadings for Appellant, Accused.

*Lieutenant Colonel P. N. Kress*, USMC, *Captain W. D. Blalock*, USMCR, and *Captain Ronald J. Waicukauski*, USMCR, were on the pleadings for Appellee, United States.

Opinion of the Court

COOK, Judge:

The appellant was convicted of numerous offenses by a special court-martial consisting of a military judge alone and was sentenced to a bad-conduct discharge, confinement at hard labor for 2 months, and forfeiture of $125 per month for 2 months. We granted review to determine whether the military judge had the power to suspend the sentence under the provisions of 18

U.S.C. § 3651. Prior to terminating the proceedings, the military judge made the following comment:

> However, it is the strong recommendation of the military judge that based upon the testimony given in court as well as various letters written by friends and relatives at home, that the bad conduct discharge be suspended for a period of time deemed appropriate by the convening authority. If in fact the military judge's recommendation is followed, the individual be given a second opportunity to perform in the Navy. If it is not followed, the military judge nonetheless deems the sentence as awarded appropriate for the offenses. Do counsel for both sides understand the sentence as well as the recommendations?

Although he considered the recommendation of the military judge, the convening authority approved the sentence without suspension of the discharge.

Previous cases of the Court have held a trial court has no power to suspend a sentence. *United States v. Samuels*, 10 U.S.C. M.A. 206, 27 C.M.R. 280 (1959); *United States v. Kaylor*, 10 U.S.C.M.A. 139, 27 C.M.R. 213 (1959); *United States v. Marshall*, 2 U.S.C.M.A. 342, 8 C.M.R. 142 (1953). The statement of the trial judge in the present case reflected he deemed himself bound by the precedent of the Court and was unable to suspend the discharge himself.[1]

Recently, *United States v. Ware*, 1 M.J. 282 (1976), overruled previous cases which held a military judge had to accede to the convening authority's determination reversing a legal ruling of the judge dismissing the charges; it held the convening authority was empowered only to return the record to the trial judge for reconsideration. On the same date, the Court decided *Mangsen v. Snyder*, 1 M.J. 287 (1976). In that case, on the return of the record of

trial by the convening authority with a disapproval of the trial judge's previous dismissal of the charge, the judge noted only that he had reconsidered his previous ruling and had decided to reverse himself. Although the judge expressed his action in the form of a reconsideration, the Court concluded the following:[2]

> We are not given pause in the instant case by the trial judge's statement that he was reversing himself, as opposed to acceding to the views of the convening authority. The judge clearly expressed an opinion that the question before him was one of law; as such, our precedent binding him to the contrary determination of the convening authority left him no choice but to reverse himself.

As in *Mangsen*, we are convinced that the military judge in the present case believed that suspension of the punitive discharge was proper under the facts and circumstances before him, but he limited himself to a recommendation for suspension because he thought, on the basis of established precedent, that he could not direct suspension. A justiciable issue is, therefore, before the Court.

Turning to the merits, we reject the appellant's argument that the military judge has the power to suspend a sentence, under the authority of the previously cited cases and *United States v. Occhi*, 2 M.J. 60 (1976).

The decision of the United States Navy Court of Military Review is affirmed.

Chief Judge FLETCHER and Judge PERRY concur.

---

1. We judicially note that in another case pending before the Court the military judge explicitly stated after recommending a suspension that the trial court had no power to suspend a sentence. *United States v. Powell*, No. 32,769, (U.S.C.M.A., petition granted Sept. 9, 1976); see *United States v. Moore*, 9 U.S.C.M.A. 284, 26 C.M.R. 64 (1958).

2. *Mangsen v. Snyder*, 1 M.J. 287, 289 (1976).