**UNITED STATES**

v.

**Timothy J. McCOY, Seaman Apprentice, U.S. Coast Guard.**

**CGCMS 23316.**
**Docket No. 803.**

U. S. Coast Guard Court of Military Review.

17 Jan. 1977.

Trial Counsel: LT John E. Sineath, USCGR.

Defense Counsel: LT James J. D'Alessandro, USCGR.

Appellate Defense Counsel: LT Patricia L. Shebest, USCGR.

PER CURIAM:

Upon trial by a special court-martial comprised of the military judge alone, the accused pleaded guilty to the charge of violating a lawful general regulation (Section 9–2–15, Coast Guard Regulations, 1975) and five specifications thereunder. He was duly found guilty of:

(1) wrongfully transferring 18.3 grams of marihuana at Coast Guard Station Belle Isle, 8 March 1976;

(2) wrongfully transferring 26.0 grams of marihuana, same place, 16 March 1976;

(3) wrongfully transferring 25 tablets of phencyclidine, same place, 17 March 1976;

(4) wrongfully transferring an unspecified quantity of marihuana, same place, 28 December 1975; and,

(5) same offense as (4) on 20 January 1976.

After the findings of guilty, evidence was presented showing one previous conviction by a special court-martial in September 1974 at which time the accused pleaded guilty to three specifications alleging wrongful transfers of controlled substances. Other evidence presented showed four instances of nonjudicial punishment, one of which the judge stated would not be considered.

The accused asked the court to impose a bad conduct discharge, and the judge did so, together with a pay forfeiture, restriction, and confinement. Service of the sentence to confinement was deferred by the convening authority on 17 June 1976. The judge announced the punishment of confinement as follows:

" . . to be confined at hard labor for three months with two of these three months suspended for a period of six months . . . "

Since the convening authority, by his action taken 14 July 1976, approved no part of the sentence except the bad conduct discharge, the legality of the military judge's attempted exercise of suspension powers became moot. See *United States v. Williams*, 25 U.S.C.M.A. 144, 54 C.M.R. 162, 2 M.J. 74, *United States v. Occhi*, 25 U.S.C.M.A. 93, 54 C.M.R. 93, 2 M.J. 60; and 18 U.S.C. § 3651.

The sentence as approved by the convening authority was approved on 30 September 1976 by the Commander, Ninth Coast Guard District, the officer exercising general court-martial jurisdiction over the command of the convening authority.

The findings of guilty and the sentence of a bad conduct discharge are affirmed.