**UNITED STATES, Petitioner**

v.

**Peter H. STROW, Commander, Judge Advocate General's Corps, U. S. Navy, Military Judge, James M. Elwood, 162 52 6711, Builder Second Class, U. S. Navy, Kenneth B. Amidon, 089 52 9842, Constructionman, U. S. Naval Reserve,**

**and**

**Donald H. Lajoie, 263 51 7267, Constructionman Apprentice, U. S. Navy, Respondents.**

**Miscellaneous Docket No. 80–13.**

U. S. Navy Court of Military Review.

10 Dec. 1980.

CAPT Joseph M. Poirier, USMC Appellate Defense Counsel.

LT J. G. Van Winkle, JAGC, USN, Appellate Government Counsel.

## OPINION OF THE COURT ON PETITION FOR WRIT OF MANDAMUS

CEDARBURG, Chief Judge:

The United States has petitioned this Court to issue a writ of mandamus which would compel the respondent military judge, Commander Peter H. Strow, to withdraw his orders dismissing the Charges in the general court-martial cases of the co-respondents Elwood, Amidon and Lajoie and proceed to trial. We determine that we are foreclosed from granting the relief sought and deny the petition of the United States.

■ We conclude the petition of the United States substantively asks review of the factual correctness of the military judge's ruling finding a denial of speedy trial in each case. The military judge in each case recognized certain periods of delay as having resulted from extraordinary circumstances, as that term is elaborated by decisional law, which would justify not holding the Government accountable for purposes of the presumptive denial of speedy trial established by *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971). He rejected, however, certain other periods which the Government sought to have similarly excluded. The United States argues that the military judge's finding was rendered incorrect by his failure to correctly apply decisional law delineating extraordinary circumstances, citing, among others, *United States v. Talavera*, 8 M.J. 14 (C.M.A. 1979); *United States v. Reed*, 2 M.J. 64 (C.M.A.1976); and *United States v. Henderson*, 1 M.J. 421 (C.M.A.1976).

We view the petition of the United States now before us as a traditional appeal from the factual correctness of a judge's ruling. Both *Dettinger v. United States*, 7 M.J. 216, 220–221 (C.M.A.1979) (discussion of trial judge's dismissal of charges and the ancillary discussion of rationale for dismissal of petition for extraordinary relief in the case of *United States v. Ethridge* 3 M.J. 204 (C.M.A.1977)), and *United States v. Redding*, 8 M.J. 719 (N.C.M.R.1979), cited the absence of statutory authority for an appeal by the Government and the recognition that a petition for mandamus cannot be a substitute for appeal. *See generally United States v. Rowel*, 1 M.J. 289, 291 (C.M.A. 1976) (Fletcher, CJ, concurring); *United States v. Ware*, 1 M.J. 282 (C.M.A.1976).

■ We reiterate what has been said before in *Dettinger v. United States, supra* and *United States v. Redding, supra*, both citing as authority *Will v. United States*, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967), that the office of the extraordinary writ is not to control the decision of the trial judge. Its appropriate utilization is to confine an inferior court to the sphere of its discretionary power. We make no judgment as to whether another judge, on the facts of record, would have concluded that co-respondents Elwood, Amidon and Lajoie were denied their right to a speedy trial. We may not use mandamus to control a particular result of a discretionary ruling.

Accordingly, the petition for the United States for a writ of mandamus is denied.

Judge SANDERS and Judge BOHLEN concur.