UNITED STATES, Appellant,

v.

Michael R. CAPRIO, Jr., Captain,
U.S. Navy, Appellee.

No. 81–09.
CMR No. 80–11.

U. S. Court of Military Appeals.

Oct. 19, 1981.

For Appellant: *Major William Dorman,* USMC (argued); *Commander T.C. Watson, Jr.,* JAGC, USN, *Lieutenant J.G. VanWinkle,* JAGC, USN (on brief).

For Appellee: *Captain Joseph M. Poirier,* USMC (argued); *Lieutenant Commander Peter B. Haskel,* JAGC, USN (on brief); *Lieutenant Lynn M. Maynard,* JAGC, USN.

*Opinion of the Court*

EVERETT, Chief Judge:

At the trial of Petty Officer Albert C. Cox, U.S. Navy, Judge Caprio dismissed the charge and its specification on the ground that the offense had occurred in a prior enlistment. Because of the circumstances of the discharge from that earlier enlistment, the convening authority requested reconsideration of the ruling; after reconsideration, the judge adhered thereto. The Government then sought extraordinary relief from the United States Navy Court of Military Review by petitioning that court for a writ of mandamus directing Judge Caprio to reinstate the charge which he had dismissed. Relying on this Court's decision in *Dettinger v. United States,* 7 M.J. 216 (C.M.A.1979), the Court of Military Review denied the government's petition. 10 M.J. 586 (1980). Thereupon, the Government petitioned this Court to review the ruling of the court below.

Judge Caprio, who had been a successful respondent in the Court of Military Review, then moved to dismiss the government's petition on the ground that the Government had no right to petition this Court for review. Recently, in *United States v. Redding,* 11 M.J. 100 (C.M.A.1981), we ruled that by use of the certification process under Article 67(b)(2), Uniform Code of Military Justice, 10 U.S.C. § 867(b)(2), the Judge Advocate General of an armed force may bring before us issues considered by the Court of Military Review in ruling on petitions for extraordinary relief. The present case, however, comes to us not by certified question but by petition; so jurisdiction cannot be rested directly on Article 67(b)(2).

Not only did Congress fail to provide specifically for submission by the Government of petitions for review in extraordinary writ matters, but also our own Rules of Practice and Procedure make no express provision for such petitions. Our Rule 3(b)(2), having to do with jurisdiction over extraordinary writs, provides, "The Court may also, in its discretion, entertain petitions from adverse decisions on application

for extraordinary relief filed before a Court of Military Review. *See* Rule 15(d)." The referenced provision prescribes: "All petitions from an adverse decision by a Court of Military Review on a petition for extraordinary relief will be appealed by filing a petition and accompanying brief in accordance with Rules 25 and 26." Although this rule does not contain any express limitation as to which party might have submitted the petition for extraordinary relief in the Court of Military Review, the promulgation of our Rules preceded *Dettinger v. United States, supra,* and apparently the premise at that time was that the Government would not be submitting petitions for extraordinary relief in the court below. Thus, examination of Rule 25, to which Rule 15(d) refers, makes evident the assumption that the petitioner would be a service member, for in subparagraph (d) it provides, "The Court also may direct the Judge Advocate General of the petitioner's service to furnish counsel to represent him and the respondent." Also Rule 25(b) requires the Clerk of our Court, when he receives a petition for extraordinary relief, to "forward a copy of the petition to The Judge Advocate General of the service of which the petitioner is or was a member." Obviously, to whatever extent our rule-making power under Article 67(a)(1) of the Code might create any access to our Court that would not otherwise exist, such power was never exercised for the purpose of authorizing submission by the Government of petitions for review of decisions of the Court of Military Review in extraordinary relief matters.

Appellate defense counsel, who represents Judge Caprio in this proceeding, also points out that the petition by appellate government counsel on behalf of the United States does not involve the screening process which presumably is utilized by a Judge Advocate General in determining in which cases to certify questions for answer by this Court. In short, appellate government counsel who submit such a petition as this are partisan and thus do not have the same responsibility for impartiality which might be expected of a Judge Advocate General. *Cf.* Articles 69 and 73, UCMJ, 10 U.S.C. §§ 869 and 873, respectively.[1]

A more basic objection to our considering a petition for review by the Government is grounded on the premise that if Congress had intended for the Government to reach this Court by any means other than certification pursuant to Article 67(b)(2), the Uniform Code would have stated so expressly. However, acceptance of this argument would be somewhat inconsistent with our prior willingness to allow an accused to petition here for review of a decision by the Court of Military Review denying him extraordinary relief, even though there is no express statutory authority under Article 67 for submitting a petition in such instances. Likewise, although Article 67 does not explicitly authorize access to our Court by any party by means of a petition for extraordinary relief, we have long held the view that the All Writs Act[2] permits such petitions[3]

---

1. Article 67(b)(2), Uniform Code of Military Justice, 10 U.S.C. § 867(b)(2), is neutral as to which party (an accused or the Government) may be the one on whose behalf a Judge Advocate General will act. In some cases the Judge Advocate General has certified issues arising in cases where the Government had been victorious in the Court of Military Review and the accused would benefit from a favorable answer to the certified issues. However, in practice, most of the certified issues are submitted in cases where the accused has triumphed in the court below. Of course, an accused who has lost in the Court of Military Review can readily submit a petition for review and so has not been dependent on the certification process to invoke the jurisdiction of this Court. *But see*

Article 69, UCMJ, 10 U.S.C. § 869. In some ways the role of a Judge Advocate General in determining whether a case should be certified to our Court when appellate government counsel request him to do so is analogous to that of the Solicitor General in determining whether a petition for certiorari should be submitted to the Supreme Court when a department or agency of the federal government requests that this be done.

2. 28 U.S.C. § 1651(a).

3. *United States v. Frischholz,* 16 U.S.C.M.A. 150, 36 C.M.R. 306 (1966). In *Noyd v. Bond,* 395 U.S. 683, 695 n. 7, 89 S.Ct. 1876, 1883, 23 L.Ed.2d 631 (1969), the Supreme Court—after

and even the Government may be the party that petitions for extraordinary relief. *Dettinger v. United States, supra.*

In so ruling, the Court has authorized the Government to seek such relief "in an extraordinary proceeding [which] may lead to the same result obtainable by appeal from an action or decision in the course of a case but the bases for initiation of each proceeding are different and the standards that govern the award of relief are different." *See Dettinger v. United States, supra* at 217.[4] Therefore, the absence in military law of a provision for criminal appeals by the Government—apart from the certification procedure in Article 67(b)(2)—does not preclude the Government from seeking extraordinary relief in our Court or in the Court of Military Review. *Dettinger v. United States, supra. Cf. Supervisory and Advisory Mandamus Under the All Writs Act*, 86 Harv.L.Rev. 595, 626 (1973); *Ex .parte United States*, 287 U.S. 241, 53 S.Ct. 129, 77 L.Ed. 283 (1932).

Similarly, the absence of express statutory authorization does not prevent the Government from submitting a petition for review under the circumstances now before us. In the first place, it appears to us that to allow petitions by the Government from adverse rulings in matters involving extraordinary writs is consistent with the role of supervising military justice assigned to this Court by Congress.[5] *See McPhail v. United States*, 1 M.J. 457 (C.M.A.1976). Indeed, there is little reason to believe that in a case like this Congress would intend to pro-

hibit our consideration of the government's petition for review. *Cf. United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980) (interpreting 18 U.S.C. § 3576); *Serfass v. United States*, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975) (interpreting 18 U.S.C. § 3731); *United States v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975) (interpreting 18 U.S.C. § 3731). Furthermore, in practice we can see little prospect of harm to an accused in allowing the Government to seek discretionary review by showing "good cause," rather than compelling the Government to invoke the mandatory appeal procedure of Article 67(b)(2) pursuant to *Redding*.

Secondly, in light of the congressional intent expressed in Article 67(b)(2) that the Government have a means for bringing cases to this Court after an unfavorable ruling in the court below on a petition for extraordinary relief, *see Redding v. United States, supra*, we conclude that it accords with sound judicial administration to recognize a procedure whereby the Government may request us to review a case if we find good cause for doing so, rather than compel us to take jurisdiction by means of the certification process. In this regard, we note that discretionary review has been substituted increasingly for mandatory review in many appellate courts, in order to lessen congestion of appellate court dockets with issues which can better be answered in other cases, if there is a need to answer them at all.

discussing *Frischholz* and the All Writs Act—stated:

> [W]e do not believe that there can be any doubt as to the power of the Court of Military Appeals to issue an emergency writ of habeas corpus in cases, like the present one, which may ultimately be reviewed by the court.

*See generally* Wacker, *The "Unreviewable" Court-Martial Conviction: Supervisory Relief under the All Writs Act from the United States Court of Military Appeals*, 10 Harv.Civ.Rights—Civ.Lib.L.Rev. 33 (1975). Article 66 of the Code, 10 U.S.C. § 866, does not authorize petitions for extraordinary relief to a Court of Military Review but such petitions may be submitted, even by the Government. *See Dettinger v. United States*, 7 M.J. 216 (C.M.A.1979).

4. Of course, in allowing extraordinary relief to the Government, this Court in *Dettinger* could claim support in federal cases which apparently would uphold the rights of federal appellate courts to entertain petitions for extraordinary relief by the Government despite the absence of express statutory authority for such petitions.

5. Of course, the present case does not involve the situation where Judge Cook was persuaded that we should abstain from considering a petition for extraordinary relief because of the availability of an alternative remedy specifically authorized by the Code. *See Stewart v. Stevens*, 5 M.J. 220 (1978) (Cook, J., concurring).

Finally, we observe that if we refuse to entertain petitions by the Government for review, cumbersome alternatives may then be resorted to in order to accomplish indirectly what cannot be done directly. If the Government had been the original petitioner for extraordinary relief in the Court of Military Review and its petition had been denied in that Court, it could submit directly to us a new petition for extraordinary relief which raised before us the same point of law that otherwise might be raised by a petition for review. Since under the All Writs Act we have original jurisdiction over a petition for extraordinary relief, we would not be required to dismiss the petition because of its denial in the Court of Military Review. If the accused was the party who had submitted the petition for extraordinary relief in the Court of Military Review and was granted such relief, but the Government was not allowed to file a petition for review to bring before us an alleged error of law in the decision, then it might file in our Court a petition for extraordinary relief—perhaps a petition for a writ of prohibition directed to the Court of Military Review—requesting us to review whether the court below had made a legal error in deciding to grant the extraordinary relief requested by the accused. The probable availability of these more cumbersome alternatives whereby the Government might achieve the same purpose for which generally a petition for review is utilized supports our conclusion that, in line with sound judicial administration, the petition for review in the case at hand should not be dismissed on jurisdictional grounds.

Accordingly, if a Judge Advocate General considers that a case decided by the Court of Military Review of his service presents a question so important as to require consideration by this Court, he can utilize the certified question process of Article 67(b)(2) of the Code. *United States v. Redding, supra.* Otherwise, the government's partisan interest in an extraordinary relief matter can be presented by petition for review of an adverse decision in the Court of Military Review, or, as our present Rule 25(a) puts it, "an appeal from a denial thereof," with appropriate indication of the reason why review should be granted.

The motion to dismiss is denied. The Court will, in due course, act upon the government's petition for review in this case to determine whether good cause has been shown for granting it.

Judge COOK concurs.

FLETCHER, Judge (dissenting):

My Brothers, in this opinion, invite the destruction of the procedural order set forth by Congress in the Uniform Code of Military Justice. I, once again, am not primarily concerned with the correctness of the decision of the trial bench[1] or the correctness of the decision of the intermediate court.[2] What I am concerned with is that the legal structure established by the legislative branch of government as authorized by the Constitution not be subverted by the judicial branch of government. A judicial dictatorship, based upon individual judges' tunnel vision of a proper result, no matter how beneficent the intent of the jurist may be, will eventually erode the machinery of any legislated structure. I write only to the machinery of justice as distinguished from its product.

In *United States v. Redding,* 11 M.J. 100 (C.M.A.1981), a majority of the Court, under their reading of Article 67(b)(2), Uniform Code of Military Justice, 10 U.S.C. § 867(b)(2), allowed the Judge Advocate General of an armed force to extend his certification authority to the writs practice. Today, without any color of statute, the majority creates an independent right of appeal in the Government in the writs area. When courts create gadgetry without the benefit of legislative enactment, they herald the demise of the stability of the law and the arrival of Orwellian justice.

The majority not only cites no statutory law for its decision, it also imprints no case

---

1. *United States v. Redding,* 11 M.J. 100, 113 (C.M.A.1981) (Fletcher, J., dissenting).

2. *United States v. Kraffa,* 11 M.J. 453 (C.M.A. 1981) (Fletcher, J., dissenting).

law decisions which conclude that a court can create a right of appeal where one is not provided by the Constitution or legislative enactment within the framework of that Constitution. My Brothers are true judicial liberals in juxtaposition to the so-called judicial activist who moves forward from a clear statutory base to keep that substantive concept embraced in that statute pliable to the then present society. Technology and changing mores of a society never give rise to the necessity of altering the mechanics of the law prescribed for the judiciary, though they may demand orderly revisions of substantive judgments.

I believe my Brothers' reliance on *McPhail v. United States,* 1 M.J. 457 (C.M. A.1976), is misplaced. In *McPhail* there was no suggestion that this Court's supervisory authority could exceed the confines of the law.

I stated in *United States v. Rowel,* 1 M.J. 289, 291 (C.M.A.1976):

[This decision] in practical effect, leaves the Government with no means of appeal from an adverse ruling of the trial judge. Such a void is unhealthy from a judicial administration standpoint. *See* ABA Standards, Criminal Appeals § 1.4 (1970). Because appeals by the Government in criminal cases are barred absent statutory authorization,[1] the immediate need for Congressional action which does not offend the Double Jeopardy Clause of the Constitution[2] should be obvious. *See, e.g.,* 18 U.S.C. § 3731.

---

[1] *Will v. United States,* 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967); *Carroll v. United States,* 354 U.S. 394, 77 S.Ct. 1332, 1 L.Ed.2d 1442 (1957); *United States v. Burroughs,* 289 U.S. 159, 53 S.Ct. 574, 77 L.Ed. 1096 (1933).

[2] *United States v. Jorn,* 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971); *United States v. Sisson,* 399 U.S. 267, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970); *Will v. United States, supra.*

In the *Rowel* quote, I refer to 18 U.S.C. § 3731, as amended, which states:

§ 3731. Appeal by United States

In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

An appeal by the United States shall lie to a court of appeals from a decision or order of a district courts [sic] suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

The appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted.

Pending the prosecution and determination of the appeal in the foregoing instances, the defendant shall be released in accordance with chapter 207 of this title.

The provisions of this section shall be liberally construed to effectuate its purposes.

The Supreme Court, commenting on the statute which was amended by the above statute wherein direct appeal was provided to the Supreme Court, in *United States v. Sisson,* 399 U.S. 267, 290–91, 90 S.Ct. 2117, 2129–30, 26 L.Ed.2d 608 (1970), stated:

This Court has frequently stated that the "exceptional right of appeal given to the Government by the Criminal Appeals Act is strictly limited to the instances specified," *United States v. Borden Co.,* 308 U.S. 188, 192, 60 S.Ct. 182, 185, 84 L.Ed. 181 (1939), and that such appeals "are something unusual, exceptional, not favored," *Carroll v. United States,* 354 U.S. 394, 400, 77 S.Ct. 1332, 1335–1336, 1 L.Ed.2d 1442 (1957); *see United States v. Keitel,* 211 U.S. 370, 399, 29 S.Ct. 123, 132, 53 L.Ed. 230 (1908); *United States v. Dickinson,* 213 U.S. 92, 103, 29 S.Ct. 485,

488, 53 L.Ed. 711 (1909); *cf. Will v. United States*, 389 U.S. 90, 96, 88 S.Ct. 269, 274, 19 L.Ed.2d 305 (1967).

The Court in *United States v. Sisson, supra*, dealing with the language of a specific statute granting the Government the exceptional and unusual right of appeal strictly interprets that statute. The rationale expressed in the opinion leaves little doubt in my mind that without the underpinnings of the statute, there could be no appeal.

*Dettinger v. United States*, 7 M.J. 216 (C.M.A.1979), is no precedent for what the Court initiates here. A majority of the then sitting Court[3] opined that under the Uniform Code of Military Justice the intermediate court could hear these matters under the guise of a supervisory role. It then proceeded to decide that the particular issue raised was not properly within the scope of this supervisory role. Such dicta in *Dettinger* lays no legal base from which to launch a warhead destroying the legislature's machinery for orderly process of matters through the military justice system.

Chief Judge Everett agreed with my statement in *United States v. Kuskie*, 11 M.J. 253 (C.M.A.1981), that there is a difference in statutory language between Article 67, UCMJ, 10 U.S.C. § 867, and 28 U.S.C. § 1254. Now, the Chief Judge chooses to ignore this difference.

Specifically, Article 67(b)(3) provides:

---

**3.** *Dettinger v. United States*, 7 M.J. 216, 224 (C.M.A.1979) (Fletcher, C.J., concurring in the result.)

---

The Court of Military Appeals shall review the record in—

\* \* \* \* \* \*

(3) all cases reviewed by a Court of Military Review in which, upon *petition of the accused* and on good cause shown, the Court of Military Appeals has granted a review.

(Emphasis added.)

But 28 U.S.C. § 1254(1) states:

Cases in the courts of appeals may be reviewed by the Supreme Court by the following methods:

(1) By writ of certiorari granted *upon the petition of any party* to any civil or criminal case, before or after rendition of judgment or decree.

(Emphasis added.)

Citing again from *United States v. Sisson, supra*, 399 U.S. at 299, 90 S.Ct. at 2134:

Were we to throw overboard the ballast provided by the statute's language and legislative history, we would cast ourselves adrift, blind to the risks of collision with other policies that are the buoys marking the safely navigable zone of our jurisdiction.

I fear my Brothers, unfettered by the anchor of legislative enactment, are sailing in uncharted waters. Accordingly, I dissent.