**UNITED STATES, Appellee,**

v.

**Kenneth TUCKER, Machinist's Mate Fireman Apprentice, U.S. Navy, Appellant.**

No. 51,711.

NMCM Misc. No. 84–07.

U.S. Court of Military Appeals.

May 13, 1985.

For Appellant: *Major Michael E. Canode*, USMC (argued); *Lieutenant Colonel M.W. Lucas*, USMC (on motion).

For Appellee: *Lieutenant Joseph G. Lee*, JAGC, USNR (argued); *Lieutenant Colonel Thomas H. Eagen*, USMC and *Captain W.J. Hughes*, JAGC, USN (on motion).

Amicus Curiae: *Eugene R. Fidell*, Esquire (argued); Charles S. Sims, of counsel—For American Civil Liberties Union Foundation.

*Opinion of the Court*

EVERETT, Chief Judge:

After a charge and specification alleging unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886, was referred to a special court-martial for trial, appellant successfully moved for dismissal because of lack of speedy trial. The Government then appealed the military judge's ruling to the Court of Military Review pursuant to Article 62 of the Uniform Code, 10 U.S.C. § 862. There the Government's appeal was upheld; the ruling of the military judge was reversed; and the charge and specification were ordered reinstated. Tucker filed a petition for grant of review by this Court; and in turn the Government moved to dismiss the petition on the ground that this Court has no jurisdiction to entertain it. We now hold that this Court has jurisdiction, so we deny the Government's motion.

Article 67(b) of the Code, 10 U.S.C. § 867(b), provides that "[t]he Court of Military Appeals shall review the record in— ... (3) all cases reviewed by a Court of Military Review in which, upon petition of the accused and on good cause shown, the Court of Military Appeals has granted a review." Since the Court of Military Review did review the military judge's ruling which terminated the case at the trial level, it appears that under the plain language of Article 67(b)(3) a petition for review may be filed in this Court.

The Government disputes this conclusion, because Article 67(d) states that this Court "may act only with respect to the findings and sentence as approved by the convening authority and as affirmed or set aside as incorrect in law by the" Court of Military Review; but it points out that no findings

or sentence were ever rendered in this case. *Cf. United States v. Best*, 4 U.S.C. M.A. 581, 16 C.M.R. 155 (1954); *United States v. Young*, 14 M.J. 233 (C.M.A.1982). However, this Court already has held that, under some circumstances, a petition for review will lie to this Court even though no findings and sentence have been rendered. *See United States v. Caprio*, 12 M.J. 30 (C.M.A.1981); *United States v. Redding*, 11 M.J. 100 (C.M.A.1981).

Moreover, the legislative history of the Military Justice Act of 1983, Pub.L. No. 98–209, § 5(c)(1), 97 Stat. 1393, 1398, which amended Article 62 to authorize appeals by the Government, clearly supports appellant's right to petition for review in this case. The amendment to Article 62 which Senator Jepsen initially proposed contained a specific limitation that "[t]he decision of the Court of Military Review on the appeal under this paragraph shall not be subject to further review except in *post-trial* proceedings under sections 866, 867, or 869 of this title (articles 66, 67, or 69)." S. 2521, 97th Cong., 2d. Sess. § 3(v)(1), 128 Cong. Rec. S. 5000 (1982). (Emphasis added.) Obviously this limitation was believed necessary to counter the inference that otherwise might be drawn from the plain language of Article 67(b)(3). Apparently in response to the testimony of witnesses who opposed any such limitation on the jurisdiction of the Court of Military Appeals,[1] the amendment to Article 62 that was finally adopted contained no such limitation on this Court's jurisdiction. *See generally* S.Rep. No. 53, 98th Cong., 1st Sess. 23 (1983), U.S.Code Cong. & Admin.News 1983, p. 2177.

As the legislative history also makes clear, the revision of Article 62 was modeled on 18 U.S.C. § 3731, which authorizes certain appeals by the Government in trials in the federal district courts. *See* S.Rep. No. 53, *supra* at 23. Although not addressed in § 3731, the right to appeal does not terminate with initial review of the trial

court's ruling by a court of appeals. Instead, a petition for Supreme Court review on writ of certiorari is available to either party after the case has been reviewed by the court of appeals. 28 U.S.C. § 1254(1). *See generally United States v. Scott*, 437 U.S. 82, 84, 98 S.Ct. 2187, 2190, 57 L.Ed.2d 65 (1978). Consistent with that practice, Congress expressly intended for the amended Article 62 of the Code to be construed to permit either party to appeal an adverse ruling from a Court of Military Review to this Court. S.Rep. No. 53, *supra* at 23.

Statutory intent is often illuminated by regulations issued by the Executive Branch to implement that intent. R.C.M. 908(c)(3), Manual for Courts-Martial, United States, 1984, took effect at the same time as the revision of Article 62 permitting government appeals. This Rule, which was issued pursuant to the President's rulemaking power, *see* Article 36, UCMJ, 10 U.S.C. § 836, authorizes submission of a petition for review by the Court of Military Appeals in a case where an Article 62 appeal has been disposed of in the Government's favor by the Court of Military Review. Since many of the persons associated with drafting the 1984 Manual for the President also were heavily involved in drafting the Military Justice Act of 1983, common sense suggests that their contemporaneous interpretation of congressional intent is accurate.

Furthermore, to hold, as the Government urges, that this Court has no jurisdiction over the petition for review in this case would produce unpalatable results certainly not intended by Congress. Although the case at bar involves an accused's appeal to this Court, a conclusion reached here that we lack jurisdiction would have serious ramifications for the Government. The language of Article 67(b)(2), which authorizes the Judge Advocate General to certify cases to this Court, also refers to "all cases reviewed by a Court of Military Review."

---

1. *See* Military Justice Act of 1982: Hearings on S. 2521 Before the Subcomm. on Manpower and Personnel of the Senate Armed Services Comm.,

97th Cong., 2d Sess. 33–34, 85, 97, 115, 201, 223–24, 283 (1982).

If the Government's position be correct, then because of the parallel in language between Articles 67(b)(2) and (3), it would seem that the Government would not be entitled to certification of issues arising in a case considered by the Court of Military Review pursuant to Article 62.[2] For example, if in the present case the Government had lost its appeal to the Court of Military Review, it would have lacked further recourse to our Court and from here to the Supreme Court. Thus, contrary to a clear legislative objective, the Government would have lost the case on an issue of law without any opportunity to reach this Court or the Supreme Court.

Appellate government counsel insist that the 60-day period allowed by Article 67(c)(1) for filing a petition for review is too lengthy when Article 62 appeals are involved; and therefore Congress must have intended that petitions for review should not be permitted in such cases. Obviously, there often will be some urgency in an Article 62 appeal. For example, the evidence or witnesses involved in a motion to suppress may not be available for the Government if extensive delay occurs in resolving the interlocutory appeal. However, this is too frail a reed to support the conclusion that Congress intended to exclude Article 62 appeals from the jurisdiction granted under the clear language of Article 67(b)(3).

We recognize, of course, that expeditious processing of Article 62 cases often will be very important. With this in mind, the Court will request that its Rules Advisory Committee consider whether, consistent with Article 67, our Rules of Practice and Procedure may be revised in some way that will tend to hasten the filing of petitions for review and to discourage the use of the full 60-day statutory period for filing. Moreover, in determining whether good cause has been demonstrated to warrant granting a petition for review in an interlocutory appeal under Article 62—rather than awaiting possible post-trial review of the issue—we shall consider whether an appellant proceeded expeditiously in filing his petition.

Although in our discretion we may decline to grant a petition for review of a decision made by the Court of Military Review in an interlocutory appeal under Article 62, this Court has jurisdiction to entertain appellant's petition for review. Therefore, the Government's motion to dismiss the petition is denied. The Government shall file a supplemental answer addressing the merits of the issue raised by appellant within ten days of the date of this opinion.

Judge COX concurs.

Judge FLETCHER did not participate.

**2.** Article 69, Uniform Code of Military Justice, 10 U.S.C. § 869, specifically allows the Government to obtain review in the Court of Military Appeals when it would not be available to the accused. *See United States v. Kelly,* 14 M.J. 196 (C.M.A.1982). The absence of any similar differentiations in Article 62 indicates that for interlocutory appeals under that Article jurisdiction to entertain petitions under Article 67(b)(3) and certificates under Article 67(b)(2) is identical.