RYAN, Judge,
with whom ERDMANN, Judge, joins (dissenting):
In Clinton v. Goldsmith, the Supreme Court stated that this Court’s “independent statutory jurisdiction is narrowly circumscribed.” 526 U.S. 529, 535, 119 S.Ct. 1538, 143 L.Ed.2d 720 (1999). This statement reaffirms the well-established rule that, “Article I courts are courts of special jurisdiction created by Congress that cannot be given the plenary powers of Article III courts. The authority of the Article I court is not only circumscribed by the [C]onstitution, but limited as well by the powers given to it by Congress.” In re United Missouri Bank of Kansas City, N.A., 901 F.2d 1449, 1451-52 (8th Cir.1990) (internal citation omitted). I dissent in this case because neither Article 62, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 862 (2000) nor Article 67, UCMJ, 10 U.S.C. § 867 (2000), nor any other statute provides for an appeal of an Article 62, UCMJ, appeal to this Court. This Court does not have the power to act unless Congress has given it statutory authority to do so: in my view the intent of Congress or the President, to the extent it is not enacted in a statute and is facially inconsistent with another statute, is not sufficient.
Article 62(a)(1), UCMJ, affords the Government the right to appeal certain specifically identified trial rulings by the military judge. Article 62(b), UCMJ, provides that this Government right to appeal is to the Court of Criminal Appeals (CCA). Article 62, UCMJ, gives jurisdiction to the CCA to act on a Government appeal and nothing more.
“[WJhen the statute’s language is plain, the sole function of the courts — at least where the disposition required by the text is not absurd — is to enforce it according to its terms.” Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) (citations and quotation marks omitted). The plain language of Article 62, UCMJ, does not mention this Court or implicate Article 67, UCMJ. Nothing in the text of Article 62, UCMJ, provides this Court jurisdiction to entertain an appeal from a decision of a CCA based on Article 62, UCMJ.[1]
Article 67(a)(2) and (3), UCMJ, states the subject matter jurisdiction of this Court extends to cases specified by the Judge Advocates General or cases reviewed by the CCA “upon petition of the accused and on good *75 cause shown____” Article 67(a), UCMJ, does not mention or implicate Government appeals pursuant to Article 62, UCMJ, as cases within this Court’s jurisdiction. In light of this, it is not at all clear to me how it is possible, as the majority asserts, to discount the import of Article 67(c), UCMJ, on the jurisdiction of this Court. Article 67(a), UCMJ, must be read in conjunction with the remainder of the statute, including Article 67(c), UCMJ. See, e.g., Doe v. Chao, 540 U.S. 614, 630-31, 124 S.Ct. 1204, 157 L.Ed.2d 1122 (2004) (“It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.”) (citations and quotation marks omitted); United Sav. Ass’n v. Timbers of Inwood Forest Assoc., Ltd., 484 U.S. 365, 371, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988) (stating that statutory construction is a “holistic endeavor”). And Article 67(c), UCMJ, states in relevant part, “[i]n any case reviewed by it, the Court of Appeals for the Armed Forces may act only with respect to the findings and sentence as approved by the convening authority and as affirmed or set aside as incorrect in law by the Court of Criminal Appeals.”
By its very nature, an appeal of an Article 62, UCMJ, appeal is interlocutory: there has been no findings, no sentence, and no convening authority action. In Goldsmith the Supreme Court reaffirmed the principle that this Court can “act only with respect to the findings and sentence as approved by the convening authority and as affirmed or set aside as incorrect in law by the [CCA].”[2] 526 U.S. at 534,119 S.Ct. 1538 (citing Article 67(c), UCMJ). There is no statutory explanation as to why the instant case is exempted from either Article 67(c), UCMJ, or the Supreme Court’s reading of that statutory provision to limit our jurisdiction to the express terms of the statute.[3] It is thus unclear to me how this Court has jurisdiction under Article 67(c), UCMJ, to take action with regard to a ruling that is not itself part of the findings or adjudged sentence and has not been approved by the convening authority.
Congress clearly expressed this Court’s jurisdiction under Article 67, UCMJ, and said nothing about this Court in Article 62, UCMJ. In examining Articles 62 and 67, UCMJ, together, we must be mindful that the Supreme Court has consistently held that “[where] Congress includes particular language in one section of a statute but omits it in another section ... it is generally presumed that Congress acts intentionally and purposely in the disparate ... exclusion.” Russello v. United States, 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983) (citation omitted); see also Keene Corp. v. United States, 508 U.S. 200, 208, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993) (finding that the use of a phrase in one part of a statutory scheme “only underscores our duty to refrain from reading a phrase into the statute when Congress has left it out” of another section). We are obliged to presume that Congress gave appellate jurisdiction over Article 62, UCMJ, Government appeals to the CCAs alone.
The majority makes the opposite presumption, expanding this Court’s Article 67, UCMJ, jurisdiction to matters that do not fall within Article 67(c), UCMJ, by reference to the legislative history of Article 62, UCMJ. See Lopez de Victoria, 66 M.J. at *76 69-70. This is unfounded for two reasons. First, when “the provisions of [a statute] are clear and unequivocal on their face ... [there is] no need to resort to the legislative history.” United States v. Oregon, 366 U.S. 643, 648, 81 S.Ct. 1278, 6 L.Ed.2d 575 (1961). The plain text of Article 62, UCMJ, only gives the CCA jurisdiction over Government appeals, and the plain text of Article 67(c), UCMJ, permits this Court to “act only with respect to the findings and sentence as approved by the convening authority and as affirmed or set aside as incorrect in law by the Court of Criminal Appeals.” See Goldsmith, 526 U.S. at 534, 119 S.Ct. 1538. Therefore, it is inappropriate to look to legislative history at all.
Second, the majority’s reliance on legislative history relating to Article 62, UCMJ, to construe Article 67, UCMJ, a statutory provision adopted thirty-three years earlier, is misplaced. “We have observed on more than one occasion that the interpretation given by one Congress (or a committee or Member thereof) to an earlier statute is of little assistance in discerning the meaning of that statute.” Public Employees Retirement Sys. v. Betts, 492 U.S. 158, 168, 109 S.Ct. 2854, 106 L.Ed.2d 134 (1989); see also United States v. Price, 361 U.S. 304, 80 S.Ct. 326, 332, 4 L.Ed.2d 334 (1960) (noting the danger of using post-enactment legislative history because “the views of a subsequent Congress form a hazardous basis for inferring the intent of an earlier one”); Abner J. Mikva & Erie Lane, An Introduction to Statutory Interpretation and the Legislative Process 39 (1997) (“Postenactment explanations of legislative meaning would seem absolutely taboo.”).
Nor is the fact that Solorio v. United States, 483 U.S. 435, 107 S.Ct. 2924, 97 L.Ed.2d 364 (1987) originated in a Government appeal “instructive.” Lopez de Victoria, 66 M.J. at 70. Neither the pleadings of the parties, the granted issue in that ease, nor the opinion of the Supreme Court identified or raised any issue related to the procedural history in that case as it related to this Court’s jurisdiction. While the opinion addressed an important jurisdictional theory regarding the scope of court-martial subject matter jurisdiction, there was neither discussion of nor a decision on the present jurisdictional issue.
Finally, while I agree that United States v. Tucker, 20 M.J. 52 (C.M.A.1985), held that this Court has jurisdiction in Article 62, UCMJ, appeals to the lower court, reliance on it is misplaced. First, the initial justification given for the finding of jurisdiction in Tucker was this Court’s reliance on older cases, cases that asserted this Court was responsible for supervising all facets of military justice. 20 M.J. at 53 (citing United States v. Caprio, 12 M.J. 30, 32 (C.M.A.1981), and United States v. Redding, 11 M.J. 100, 103-06 (C.M.A.1981)). Of course, the Supreme Court in Goldsmith rejected this view. 526 U.S. at 536,119 S.Ct. 1538 (“the CAAF is not given authority, by the All Writs Act or otherwise, to oversee all matters arguably related to military justice, or to act as a plenary administrator even of criminal judgments it has affirmed”). The Tucker Court did not have the Supreme Court’s guidance on this point when they relied on the notion in Caprio and Redding of plenary authority over military justice. In my view, in light of Goldsmith, these cases are too slender a reed upon which to rest jurisdiction. Moreover, the only other justification given for the Court’s holding in Tucker — that we can base jurisdiction on Congressional intent as reflected in the legislative history of Article 62, UCMJ, as discussed above — does not provide a satisfying substitute for statutory jurisdiction. See supra pp. 75-76.
It is certainly plausible that the majority’s reading of legislative history is correct, and that, as it asserts, the members of the Senate Committee on Armed Services of the 97th and 98th Congress intended to permit this Court to review the decisions of a CCA addressing a Government Article 62, UCMJ, appeal. And I do not disagree that, as a matter of legal policy, immediate review of an Article 62, UCMJ, appeal by this Court could be the most expeditious course of action. But congressional intent and expediency are not sufficient to confer jurisdiction, and nothing in either Article 62 or 67, UCMJ, expressly gives this Court the power *77 to review cases in the procedural posture of this case. The Supreme Court in Goldsmith made clear that Congress must give this Court a statutory grant of authority to act. 526 U.S. at 535, 119 S.Ct. 1538. There is no statutory grant of jurisdiction here, and no reason Congress cannot amend our statutorily conferred jurisdiction in order to achieve the result the majority asserts Congress and the President intended.
I respectfully dissent.

. Nor is United States v. Wilson to the contrary— it is not a case involving jurisdiction, let alone a case involving this Court’s jurisdiction. Rather, it stands only for the more general proposition that the availability of a Government appeal from an adverse trial ruling should be available to the extent permissible under the Constitution generally and the double jeopardy clause in particular. 420 U.S. 332, 338-39, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975).

. The Majority cites to Goldsmith and notes that this Court has “Article 67(a) jurisdiction over cases in which a finding or sentence 'was (or could have been) imposed in a court-martial proceeding.’ ” United States v. Lopez de Victoria, 66 M.J. at 71 (quoting Goldsmith, 526 U.S. at 535, 119 S.Ct. 1538). Of course, in Goldsmith the Supreme Court addressed the application of the All Writs Act, 28 U.S.C. § 1651 (2000), in light of the limited jurisdictional scope of Article 67, UCMJ. Goldsmith said nothing about the relationship between Articles 62 and 67, UCMJ, the question before us today. While it may well be that the precise issue in this case could have been brought as an extraordinary writ pursuant to the All Writs Act and Article 67, UCMJ, that is not the procedural posture of this case.

. Contrary to the assertion of the Majority, neither the holding nor reasoning in United States v. Leak, invites a different reading of Article 67(c), UCMJ. See 61 M.J. 234, 239 n. 2 (C.A.A.F.2005) (distinguishing between this Court's "review” of cases under Article 67(a), UCMJ, and the limitation on its power to "act” under Article 67(c), UCMJ). In this case, the Court "acts.”