# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, M.C. HOLIFIELD, K.J. BRUBAKER**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**RYAN C. POLITZ**
**SERGEANT (E-5), U.S. MARINE CORPS**

**NMCCA 201400305**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged**: 3 April 2014.
**Military Judge**: Maj Nicholas A. Martz, USMC.
**Convening Authority**: Commanding Officer, MALS 14, MAG 14, 2D MAW, Cherry Point, NC.
**Staff Judge Advocate's Recommendation**: LtCol J.J. Murphy, USMC.
**For Appellant**: CDR Ricardo A. Berry, JAGC, USN.
**For Appellee**: CDR James E. Carsten, JAGC, USN; Capt Cory A. Carver, USMC.

**23 December 2014**

---
### OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as special court martial convicted the appellant, pursuant to his pleas, of one specification of destroying military property of a value greater than $500.00, and one specification of larceny of military property of a value greater than $500.00, in violation of Articles 108 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 908 and 921. The military judge sentenced the appellant to four months'

confinement, reduction to pay grade E-1, and a bad-conduct discharge. As an act of clemency the convening authority (CA) disapproved all confinement in excess of seventy-eight days, but otherwise approved the sentence as adjudged. The pretrial agreement had no effect on the adjudged sentence.

On appeal, the appellant alleges that the military judge erred when he denied the appellant's implied bias challenge against the military judge.[1] After considering the pleadings of the parties, and the record of trial, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

### Background

On 16 November 2013, the appellant stole a large number of power cables belonging to his command, valued at over $17,000.00. He then took the cables to an off-base location and tried to burn off the rubber insulation in order to recover the cooper. The burning was stopped by local law enforcement, but not before power cables worth nearly $7000.00 had been damage beyond repair. The charges against the appellant stemming from those actions were sent a special court-martial that first convened on 3 April 2014.

Prior to forum selection and the entry of pleas, the military judge informed both parties that he had presided over a different, contested, court-martial involving the appellant more than a year earlier, wherein a panel of members with enlisted representation served as the fact finder. During the *voir dire* that followed, the military judge stated that he remembered nothing about the case other than it was a single specification drug charge that ended in acquittal. He stated that he did not remember what drug was alleged to have been used, or whether the appellant had testified. The military judge also stated that he had not formed an opinion about the appellant's military character, that he would not consider the prior case during this case, and that the appellant's prior acquittal was not relevant.

Following *voir dire*, trial defense counsel moved to disqualify the military judge on the basis of implied bias, relying "solely on the fact that [he was the] military judge in the previous case." Record at 7. After carefully considering the legal authority cited by the appellant, the military judge denied the motion. Thereafter the appellant, pursuant to the

---

[1] This assignment of error was raised pursuant to *United States v. Grostefon*, 12 M.J. 31 (C.M.A. 1982).

2

terms of his pretrial agreement, elected trial by military judge alone and entered unconditional guilty pleas to both charges.

## Recusal of the Military Judge

This court reviews a military judge's decision on the issue of recusal for an abuse of discretion. *United States v. Butcher*, 56 M.J. 87, 90 (C.A.A.F. 2001). In general, a military judge must disqualify himself "in any proceeding in which that military judge's impartiality might reasonably be questioned." RULE FOR COURTS-MARTIAL 902(a), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). A military judge also must recuse himself if he has a "personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding." R.C.M. 902(b)(1).

Whether the military judge should recuse himself under R.C.M. 902(a) is an objective test, so it is "assessed not in the mind of the military judge himself, but rather in the mind of a reasonable man . . . who has knowledge of all the facts." *United States v. Wright*, 52 M.J. 136, 141 (C.A.A.F. 1999) (internal quotation marks and citations omitted). However, a military judge need not recuse himself "solely on the basis of prior judicial exposure to an accused and his alleged criminal conduct." *United States v. Soriano*, 20 M.J. 337, 340 (C.M.A. 1985) (citations omitted).

In this case, the military judge did not abuse his discretion by denying the appellant's motion to disqualify. His knowledge of the appellant came solely from prior judicial exposure unrelated to the present case. Moreover, the military judge noted for the record that the two courts-martial were not related, that he remembered nothing about the previous case, and that he had no opinion on the appellant's credibility. Based on these facts, we find that a reasonable person with knowledge of all the facts presented above would not question the military judge's impartiality.

**Conclusion**

The findings and the sentence as approved by the CA are affirmed.


For the Court



R.H. TROIDL
Clerk of Court

4