Judge SPARKS,
dissenting.
Unfortunately, I find myself in disagreement with the majority. I am not persuaded that simply asserting that this is an Article 6b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 806b (2012) (amended 2015), case satisfactorily answers the question why this is not an Article 67, UCMJ, 10 U.S.C. § 867 (2012), case. The majority makes an effort to answer this question in the negative with repeated references to the fact that Article 6b, UCMJ, is meant to confer rights on victims. I agree, but this is little more than a statement of the obvious. It is just as obvious to me that the accused in this case is not attempting to vindicate the victim’s rights. Rather, he is seeking to vindicate his own interests, interests that are wholly separate and apart from any interest a victim'might have at trial.
Article 6b, UCMJ, allows the victim to seek appellate relief from, among other things, evidentiary and discovery rulings that adversely impact the victim’s rights at trial. It makes sense to hold, as we did in EV v. United States, that a victim can seek relief no further than the court of criminal appeals. 75 M.J. 331, 334 (C.A.A.F. 2016). After all, the victim is a nonparty. The accused, however, is in a very different position. Rulings by the lower court in favor of the victim can potentially have an impact on substantial trial rights that only a criminal defendant possesses. For instance, issues arising under Military Rule of Evidence (M.R.E.) 412 may carry significant confrontation clause implications. Likewise, certain issues arising under M.R.E. 513 may affect the accused’s due process right of a “meaningful opportunity to present a complete defense.” California v. Trombetta, 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). Thus, it seems an unremarkable proposition that the law should treat a party differently from a nonparty, particularly when that party is the accused.
The majority also makes the obvious point that Article 6b, UCMJ, contains no express grant of authority vesting jurisdiction in this Court when an accused seeks redress of a Court of Criminal Appeals decision unfavorable to him. However, the majority seems to bypass our decisions in LRM v. Kastenberg, 72 M.J. 364 (C.A.A.F. 2013), and a line of prior cases that clarify what constitutes a “case” under Article 67, UCMJ, and conclude that, by not providing an express grant of jurisdiction for the accused in Article 6b, UCMJ, Congress divested this Court of a portion of its existing jurisdiction to hear cases. See United States v. Curtin, 44 M.J. 439, 440 (C.A.A.F. 1996); United States v. *35 Tucker, 20 M.J. 52 (C.M.A. 1985). It would seem to me that we should assume Congress was aware of our precedents establishing what a case is under Article 67, UCMJ, when it enacted Article 6b, UCMJ. True, Congress made no mention of this Court regarding an accused’s petition for review. But denial of jurisdictional authority over such a petition should not be inferred simply because Congress has failed specifically to repeat the grant of authority that already exists in Article 67, UCMJ. See generally Scripps-Howard Radio v. FCC, 316 U.S. 4, 11, 62 S.Ct. 875, 86 L.Ed. 1229 (1942). It is generally understood that when Congress seeks to divest jurisdiction of courts or other tribunals, it does so with a clear statement. In other words, Congress is quite capable of expressing that it is choosing to withhold a remedy from a criminal defendant. What we stated in United States v. Lopez de Victoria with respect to Article 62, UCMJ, 10 U.S.C. § 862 (2012), is abundantly true here with respect to Article 6b, UCMJ “Congress legislated against a judicial backdrop that already provided for a broad reading of jurisdiction over ‘cases’ ... whether arising through certification ... or by petition.” 66 M.J. 67, 70 (C.A.A.F. 2008). The silence of Congress in Article 6b, UCMJ, is of no moment to the question of whether the accused may pursue an appeal to this Court under Article 67, UCMJ.
Finally, like the parties in this case, it is my view that jurisdiction is found in Article 67(a)(3), UCMJ, which states that this Court shall review “all cases reviewed by a Court of Criminal Appeals in which, upon petition of the accused and on good cause shown, the Court of Appeals for the Armed Forces has granted a review.” Article 67(a)(3), UCMJ. This grant of jurisdictional authority allows this Court to exercise its discretion to grant for review only those petitions from an accused that present “good cause.” Id. Often, good cause may mot exist because the issue presented can be addressed in the normal course of appellate review if the accused is convicted. In other words, because we can hear a case does not always mean we should. The many good arguments put forth by the majority in distinguishing Article 62, UCMJ, from Article 6b, UCMJ, are splendid reasons for why the Court might not find good cause. However, given our precedents, they are, in my view, an insufficient basis upon which to divest ourselves of jurisdiction in this instance.
In .short, we need not eclipse our jurisdiction when our own precedents reveal a clear statutory grant of authority. For these i’ea-sons, I respectfully dissent and join Chief Judge Erdmann in his dissent.